.CASE 14—PETITION ORDINARY—JUNE 20.

## Hall & Co. vs. Renfro.

APPEAL FROM KNOX CIRCUIT COURT.

No alteration or amendment in the certificate of the officer taking a deposition is allowable after it has been filed, without the previous authority of the court entered of record.

Where exceptions to a deposition had been sustained two years before the trial, the deposition withdrawn and certificate amended without leave of the court or knowledge of the opposite party, and then placed in the papers of the cause after the parties had announced themselves ready for trial, exceptions to the deposition taken after the jury were sworn were properly sustained.

Hall & Co. vs. Renfro.

An attorney cannot testify concerning any communication made to him by his client in that relation, or his advice thereon, without his client's consent. In all other cases he is a competent witness for or against his client.

Public ferrymen, or those who hold themselves out as such, are common carriers. The owner of a private ferry may so use it, although on a road not opened by public authority or repaired by public labor, as to subject himself to the liabilities of a common carrier.

The general rule is, that common carriers are responsible for the goods which they undertake to carry, unless the loss or damage is the result of inevitable accident, as lightning, tempests and the like, (which are usually termed the acts of God,) or is occasioned by the public enemies. This rule is subject to some qualifications. (See opinion.)

Although a carrier is liable for the safety of *animals* delivered to him for transportation, yet if an animal is injured by the peculiar risks to which it is exposed, the carrier is excusable. He would not be liable for any accident arising from the animal's own viciousness or want of temper or from the restiveness and viciousness of temper of other animals on board with it at the time. And in all cases of this kind the cause of the loss is a question to be determined by the jury from the facts proved.

It is error to leave the jury to construe and determine the effect of the pleadings.

An instruction to the jury that they *ought* to disregard all the testimony of a witness, provided they believe he had knowingly sworn falsely to any material fact in the case, is erroneous. So of an instruction in which the jury are told they had a right to disregard all the testimony of a witness provided they believe from the evidence that he had sworn to any fact which was not true.

This is an action by Hall & Co. against Renfro as the keeper of a public ferry across Cumberland river, to recover the price of a jack drowned at said ferry whilst it, with a lot of such animals of plaintiffs, was being ferried across the river in a boat of the defendant. Verdict and judgment were rendered for the defendant and the plaintiffs appeal.

A. A. Burton, for appellants, cited *Civil Code, sections* 651, 671 ; *Coburn vs. Barrett, MS. opin., Winter Term,* 1857 ; *Schooler vs. Schooler, MS. opin.,* June, 1857 ; *Edwards on Bailments,* 441, 566–7 ; 2 *Dana,* 430.

M. L. Rice, for appellee.

·JUDGE DUVALL delivered the opinion of the court: ,

The court below did not err in excluding the deposition of Brasfield. It appears that an exception to that deposition had been taken and sustained more than two years prior to the trial. No leave of the court had been obtained, or even asked, to have the certificate amended. But, without the knowl-

edge of the defendant, and without authority from the court, the deposition was withdrawn from the papers, sent to a distant State, where an amendment of the certificate seems to have been attempted, and was then placed among the papers of the cause, after the parties had announced themselves ready for trial. The exception to the deposition, although not taken until after the jury were sworn, was, under the circumstances, properly sustained. No alteration or amendment, in the certificate of the officer taking a deposition, after it shall have been filed, is allowable without the previous authority of the court, entered of record. The propriety of this rule, and the dangers to the rights of litigants, incident to any other practice, are too obvious to admit of discussion or comment.

We are aware of no statute or rule of practice which excludes, or renders incompetent as a witness, an attorney in behalf of his client. The Civil Code (*sec.* 670) defines with great exactness and precision the classes of persons who shall be incompetent to testify, and attorneys are not embraced in either of the classes enumerated, except the *fifth*, which excludes "an attorney, concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent." In all other cases, an attorney is a competent witness for or against his client. Whether he should, or should not testify whilst the relation subsists, is a question of professional propriety, which he alone is to determine for himself, and with which the court has no concern.

The testimony shows conclusively that the defendant was, at the time the alleged loss occurred, the keeper of a public ferry, or that he held himself out to the world as such. Upon this point there is no contradiction or even contrariety in the proof.

Did he thereby subject himself to the obligations and liabilities of a *common carrier?* The authorities are conclusive of this question.

In the case of *Robertson & Co. vs. Kennedy*, (2 *Dana*, 430,) a common carrier is defined to be, "one who undertakes, for hire or reward, to transport the goods of all such as choose to employ him from place to place ;" that dray-men, cart-men, &c.,

who undertake to carry goods for hire, as a *common employment*, from one part of a town to another, come within the definition; and that the mode of transportation is immaterial. Public ferrymen, or those who hold themselves out as such, are undoubtedly common carriers. "The owner of a private ferry may so use it, (although on a road not opened by public authority, or repaired by public labor,) as to subject himself to the liabilities of a common carrier; and he does do so if he notoriously undertakes for hire, to convey across the river, all persons indifferently, with their carriages, and goods." (*Angell on the law of carriers, sec.* 82.)

The general rule is, that common carriers are responsible for the goods which they undertake to carry, unless the loss or damage is the result of inevitable accident, as lightning, tempests, and the like, (which are usually termed the acts of God,) or is occasioned by the public enemies. (*See the authorities cited.*) This rule, however, must be understood with certain qualifications. For instance, it is said that the liability of the carrier would not cover losses arising from the ordinary deterioration of goods, in quantity or quality, in the course of transportation, or from their inherent infirmity or tendency to decay.

So, although a carrier is liable for the safety of *animals* delivered to him for transportation, yet, if an animal is injured by the peculiar risks to which it is exposed, the carrier is clearly excusable. He would not be liable for any accident arising from the animal's own viciousness or want of temper. (*Angell on Carriers, sections* 210, 214, *and the cases there cited.*) "Such a case," says the author, "would seem to be analogous to the case of the loss of merchandise, owing to some inherent defect which caused the destruction of it while in transit."

It is obvious, therefore, that in all cases of this kind, the cause of the loss is a question to be determined by the jury upon the facts proved.

In view of these principles it is clear that the court did not err to the prejudice of the appellants, in refusing the 2d, 3d; 4th, and 8th instructions asked by them. These instructions, though slightly variant in phraseology, are the same in sub-

stance and in legal effect.   The proposition of law which they embody is that the defendant, as keeper of a public ferry, was liable for the loss of the jack, from whatever accident it may have resulted, unless the jury should believe that the loss was occasioned by the act of God, or the public enemies.   The instructions exclude from the jury any consideration of the evidence which, at least, conduced to show that the animal may have fallen or been thrown out of the boat in consequence of its own restiveness and viciousness of temper, or of the restivness and viciousness of the other animals on board with it at the time.   Upon the facts as proved on the trial, this qualification was necessary to a fair presentation of the law applicable to the case, and the instructions were therefore properly refused.

The ninth instruction, in which the court was asked to say to the jury that they were to construe and determine the effect of the pleadings, was also improper.   (*Tipton vs. Triplett*, 1 *Met. Ky. Rep.*, 570.)

The court erred, however, to the prejudice of the appellants in the instructions given at the instance of the appellee.

As already stated, the testimony on both sides proved beyond question that the defendant was the keeper of a public ferry, or that he so used his ferry as to render himself liable as such.   All the instructions, therefore, in which the jury were permitted to find in opposition to this state of fact, and in which the liability of the defendant was made to rest upon a special contract for carrying the animals across the river, and upon the negligence or want of diligence on the part of the defendant in their transportation, were abstract, and therefore misleading, and prejudicial to the rights of the appellants.

The fifth instruction, in which the jury were told they *ought* to disregard all the testimony of the witness, Cross, provided they believed he had knowingly sworn falsely to any material fact in the case, was also erroneous, as was conclusively settled in the case of *Letton, &c. vs. Young, &c.*, (*Winter Term*, 1859, 2 *Met.*, 558.)   The opinion in that case presents the reasons upon which a similar instruction was decided to be erroneous.

By the sixth instruction the jury were told they had a right

to disregard all the testimony of this witness, provided they believed, from the evidence, that he had sworn to any fact which was not true. This instruction was also evidently erroneous.

Other minor objections are taken to the rulings of the court, which it is not deemed necessary to notice. For the errors mentioned the judgment is reversed, and the cause remanded for a new trial and for further proceedings not inconsistent with the principles of this opinion.