### ABNER L. MERRILL *vs.* INCREASE S. CHASE.

A mortgage of land is made void by a performance of the condition, and no release or discharge is necessary, nor can the mortgage be continued in force by a parol agreement.

WRIT OF ENTRY. At the trial in the superior court, before *Ames*, J., various questions were raised and rulings given which are now immaterial; and the only facts which are material are stated in the opinion. The jury returned a verdict for the tenant, and the demandant alleged exceptions.

*W. C. Endicott*, for the demandant.

*G. Wheatland*, for the tenant.

HOAR, J. The first instruction given to the jury appears to us to have been much too favorable to the demandant, and upon a point which is vital to the maintenance of the action. The demandant relies upon a mortgage from the tenant to James Blood, dated April 17, 1850, to secure a note of $700, and an assignment by Blood to him in February 1855. It is agreed that this note was paid by the tenant to Blood, at or before its maturity, but the demandant relies on a parol agreement between the tenant and Blood that the mortgage should continue as a valid security for future advances, and the fact that it was assigned to him under the same agreement, as a subsisting security. But the difficulty of supporting such an agreement is this, that a conveyance of land in mortgage is a conveyance by a

deed defeasible on a condition subsequent. By the performance of the condition the title of the mortgagee is defeated, and the mortgagor is in of his former estate. The condition is saved, and no release or discharge of the mortgage is necessary. *Holman* v. *Bailey*, 3 Met. 55. *Richardson* v. *Cambridge*, 2 Allen, 118. A reissue of the note for a valuable consideration could not afterwards convey a title to the land without a new conveyance in mortgage, by deed. And the fact that the parties, acting under a mutual mistake as to the validity of such a contract, have undertaken to stipulate that the mortgage should continue in force, cannot change the legal title. This was expressly decided in the case of *Whitney* v. *Claflin*, cited in the opinion of this court in *Claflin* v. *Godfrey*, 21 Pick. 1. A different view of the law was taken by Vice-Chancellor McCoun in New York, in *Purser* v. *Anderson*, 4 Edw. Ch. 17 ; but the point was not decided.

As the whole foundation of the demandant's case was based upon an erroneous view of the law, the verdict of the jury was right. The instructions to which exceptions were taken were wholly immaterial, and we have no occasion to decide how far they were correct. We certainly are not prepared to say that making a second mortgage, subject to the first, would give the first any effect against an assignee of the second, if at its date there was nothing due upon the first.     *Exceptions overruled.*