PATIENCE CURRIER *vs.* JOSEPH GALE.

A tender of the amount secured by a mortgage of real estate will not have the effect to discharge the mortgage.

Occupation under a disseisor will, in the absence of evidence to the contrary, be presumed to continue under his heirs, after his death.

A possessory title to land, though for less than twenty years, is good against one who subsequently enters, claiming by no higher title.

TORT for breaking and entering the plaintiff's close in Amesbury.

At the second trial in the superior court, before *Putnam,* J., after the decision reported in 3 Allen, 328, the plaintiff offered evidence simply that in the summer of 1857 she was in possession of the premises, and inclosed them with a temporary fence, and that in 1858 the defendant entered upon the same and removed her fence; she relying upon her possession to make out a *prima facie* case.

The defendant thereupon put in the following documentary

evidence of title: 1. A mortgage of Molly Barnard to David Currier, dated May 16th 1817; 2. Levy of an execution in favor of E. Mosely against David Currier, dated April 22d 1822; 3. Deed of E. Mosely to Jacob R. Currier, dated April 4th 1823; 4. Will of Jacob R. Currier, devising all his real estate to his wife Susan, dated January 21st 1845, admitted to probate December 2d 1845; 5. Deed of Sukey Currier, widow of Jacob R. Currier, to Mary C. Gale, wife of the defendant, dated August 6th 1858. The defendant also offered evidence tending to prove that David Currier had foreclosed the mortgage to him before the levy of Mosely's execution; but the jury found specially that this was not true.

The defendant also relied upon a title by adverse possession, and offered evidence tending to prove that David Currier was in possession of the premises in 1825; that from shortly after that time till after Currier's death, in 1842, one Webster occupied them, declaring, on two occasions, while upon the land, that he occupied as tenant of David Currier; that Webster's occupation continued after Currier's death; that in 1846 one Bartlett had a shop on the premises, and for several years prior to 1857 one McKay had ship timber lying there.

In reply to the defendant's evidence of foreclosure of the mortgage to David Currier, the plaintiff introduced evidence tending to prove that about six months after the date of the mortgage Molly Barnard offered to pay to him the amount of the principal on the mortgage debt, and told him that a man had promised to get the interest for her, and when she got it she would pay him; and that he said in reply that he would have nothing to do with it, as he had got a warranty deed.

The judge ruled that a valid tender and refusal to accept it would operate to discharge the land from the mortgage; that such tender might be made either before or after the breach of condition, if before an entry to foreclose; and that if, at the time of the alleged offer by Molly Barnard to pay the mortgage debt, David Currier fraudulently deceived her by his acts, and by his representations that he had a warranty deed instead of a mortgage, and fraudulently induced her to believe that she had no

right of redemption, so that she was thereby led to take a course which she would not otherwise have taken, and was thereby prejudiced, he and those claiming under him would be estopped to deny the tender.

The plaintiff contended that there was no evidence that Webster's occupation, after the death of David Currier, was under Currier's heirs; and upon this point the defendant asked the court to rule that if Webster occupied under David Currier in his lifetime, the law would presume, in the absence of any evidence to the contrary, that he continued to occupy under Currier's heirs.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. F. Stone*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff.

DEWEY, J. We are not authorized to assume that the verdict returned for the plaintiff was so returned because the jury found that Sukey Currier was disseised at the time she made the deed to Mary C. Gale. Had this been the sole issue, or had this fact been specially found by the jury, it would necessarily have defeated the title of the defendant under that deed. But the plaintiff also denied the title of Sukey Currier, and this constituted a distinct ground of defence which was submitted to the jury. It becomes necessary, therefore, to consider whether the rulings of the court in reference to the title of Sukey Currier, and those under whom she claimed, were correct.

The source of her title was David Currier, who it was alleged held the same, 1st, by a good paper title originating in a mortgage of the premises made to him by Molly Barnard. The ruling of the court as to the effect of a tender of the amount due on a mortgage, after there has been a breach of the condition, in discharging the mortgage title as a legal estate in the mortgagee, was erroneous. Such tender will not operate as a discharge of the mortgage. *Maynard* v. *Hunt*, 5 Pick. 240. *Holman* v. *Bailey*, 3 Met. 55. *Erskine* v. *Townsend*, 2 Mass. 495. Perhaps this ruling might have been treated as immaterial in the final result, as the jury have found that this mortgage was not

foreclosed; and if so, then the levy by Mosely was not well made, and his deed to Jacob R. Currier would convey no title.

2. The judge should have given the instructions asked by the defendant, " that if Webster occupied under David Currier in his lifetime, the law would presume, in the absence of any evidence to the contrary, that he continued to occupy under Currier's heirs." If seisin is once proved, it will be presumed to continue until the contrary is shown. *Brown* v. *King*, 5 Met. 173. 1 Washburn on Real Prop. 52. Descent presents a case of privity of estate, and so the disseisin of the ancestor enures to the heirs. 2 Washburn on Real Prop. 493. *Sawyer* v. *Kendall*, 10 Cush. 244. The ruling asked for was proper, as bearing upon the title by an adverse possession continued for the period of twenty years, and also an earlier possessory title in the defendant than that relied on by the plaintiff. The defence was equally well maintained, if a prior possessory title was shown in David Currier, and the defendant could connect herself through Jacob R. Currier with it, whether such possession continued twenty years, or was only one year previous to the plaintiff's possession. Such title by prior possession need not have been of such a character as would disseise the true owner, in order to give the superior right, as against one subsequently entering and claiming by no higher title than that by possession under such entry. It was quite sufficient, as against the title here relied upon by the plaintiff, to show an earlier possession by David Currier, and that Jacob R. Currier succeeded to the estate thus held by his father. *Hubbard* v. *Little*, 9 Cush. 475.

It is true that the case seems to have been tried upon the assumption that it was necessary to establish an adverse possession of twenty years, in order to defeat the possessory title of the plaintiff. But whether applied to the one or the other of these grounds of defence, the prayer for instructions in the matter we have above stated was correct and should have been given.    *Exceptions sustained.*