## Merchants Transfer Company v. Kiser.

(Decided February 15, 1918.)

### Appeal from Fayette Circuit Court.

1. Carriers—Loss of or Injury to Goods.—A common carrier is an insurer of goods, which it is transporting, against loss or injury, except the loss or injury is caused by the act of God, the public enemy, or the public authority, or by the inherent nature or quality of the goods, or the act or fault of the shipper.

2. Carriers—Loss of or Injury to Goods—Actions—Burden of Proof.— The burden of proof is upon the common carrier, who undertakes to escape liability for loss or injury suffered by goods, which it is transporting, on account of the act of God, the public enemy, or the public authority, or the inherent nature and quality of the goods or the act of the shipper, and it will not be excused because of injury to or loss suffered of the goods, where the primary cause arose from one of the exceptions to liability above named, if its own negligence contributed to the loss or injury, and in the absence of which the loss or injury would not have occurred.

B. D. BERRY for appellant.

ALLEN & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Hulda Kaiser, brought this action in the Fayette circuit court, against the Merchants Transfer Company, which is a corporation doing business as a common carrier. By her petition, she averred, that on the 20th day of April, 1916, she delivered to the appellant

a lot of household goods, furniture and articles of household use, under a contract with it, that it would transport them from Lexington, Ky., and deliver them to her at Danville, Ky., and which it agreed and undertook to do for a compensation agreed upon between them, but violated its contract and failed to deliver the goods or any part thereof to her at Danville, Ky.; that the goods were of the value of $1,250.00, and prayed a judgment against it in that sum.

The appellant, by its answer, admitted the delivery of the articles to it for transportation to Danville, Ky., but averred that the appellee had "fraudulently, negligently and wrongfully" and without its knowledge, placed among the goods, which she had represented to it to be household goods, and furniture, a loaded revolver, which, on the road between Lexington and Danville, was discharged without fault upon the part of the appellant, and which set fire to the goods and they were consumed by the fire, including a portion of its wagon. It made its answer a counter-claim against the appellee, and prayed that the petition be dismissed, and that it recover of her the value of its wagon. The averments of the answer and counter-claim were denied by a reply, and in addition the appellee alleged that, although it might be true that the goods were set on fire by the discharge of the revolver, as alleged, that the servants of appellant in charge of the wagon and goods could have, by ordinary care, discovered the fire in time to have saved her goods from burning, as well as have saved its wagon, but that they had negligently failed to do so. The affirmative averments of the reply were denied by a rejoinder.

Upon the issues thus presented by the pleadings, the case went to trial before a jury, and the result of it was a verdict in favor of appellee against appellant for a sum of $815.00, and a judgment was rendered in favor of her against it for that sum.

The appellant's motion for a new trial having been overruled, it has appealed from the judgment to this court, and assigns as error (1) the refusal of the court to give two instructions asked for by it, and (2) the giving of two other instructions by the court over its objection, wherein it contends that the court misinstructed the jury as to the law, which pertains to the facts, as presented by the evidence, in the case. The court instructed the jury substantially as follows: That it should find a ver-

dict for the plaintiff, unless it believed from the evidence that the fire, which destroyed the goods, was caused by the explosion of a cartridge, in the pistol, which was packed with the goods, in which event it should find for the defendant, unless it further believed from the evidence, that, by the exercise of ordinary care, on the part of the servants in charge of the wagon, the fire could have been discovered by them in time to have saved the goods from destruction, and in that event, it should find for the plaintiff, although it might believe from the evidence that the fire was caused by the discharge of the revolver. Another instruction defined the measure of damages, to which the appellee was entitled, in the event the jury should find a verdict for her. A fourth instruction directed the jury, that if it believed from the evidence that the appellee was negligent in placing the revolver among the goods, or it was packed therein in a negligent manner, and that the fire, which destroyed the goods was caused by the explosion of a cartridge in the revolver, to find for the appellant upon its counter-claim, unless it should further believe from the evidence that the servants in charge of the wagon at the time it was destroyed could, by the exercise of ordinary care, have prevented its destruction. The measure of damages, which it should find on account of the destruction of the wagon, in the event the jury found a verdict for the appellant on its counter-claim, was properly defined by the instructions. The words ordinary care and negligence, as used in the instructions, were, also, defined.

The objection made to the instructions is, that the court permitted the jury to find a verdict against the appellant, although the fire was caused by the explosion of a cartridge in the pistol, if the servants of appellant in charge of the wagon could have by the exercise of ordinary care have discovered the fire in time to have saved the goods, and could have then by the exercise of ordinary care have done so. The rejected instruction offered by the appellant presented its view of the case by directing the jury to find for the plaintiff, unless it believed from the evidence that the fire, which destroyed the goods, was caused by the explosion of a cartridge in the pistol, and if it believed that it was so caused, to find for the defendant, thus absolving the appellant from any liability on account of the negligence of its servants in discovering the fire, or thereafter taking steps to save the goods from

burning. The other instruction offered by appellant, which was rejected, was similar to the one given by the court upon the subject of its counter-claim, except, that the one offered by appellant, did not provide that a recovery could not be had for the loss of the wagon, if the servants of the appellant could have, by the exercise of ordinary care, saved the wagon from destruction, and negligently failed to do so.

It is conceded that the duty, which was incumbent upon the appellant in the transportation and delivery of the goods, was that of a common carrier. In other words, its obligation was that of an insurer of the safe transportation to and delivery of the goods at Danville. The carrier is liable for all loss of or injury to goods, which he is engaged in transporting, unless the loss or injury is caused by the act of God, or of the public enemy, or of the public authority, or by the inherent nature or quality of the goods, or the act or fault of the shipper. Where the carrier relies upon the act of God, the public enemy, or the public authority, or the inherent nature or quality of the goods, or the fault of the shipper, as the reason for the loss or injury suffered by the goods, and as a defense to a recovery of him for the loss or injury, he must take the burden of so showing, from the fact that he is in possession of the goods and in a position to be able to account for loss of them or injury to them. He cannot, however, be excused, unless the loss or injury was the entire cause, for if his negligence contributed to the cause of the loss and except for his negligence the loss would not have occurred, the carrier is not excused. 10 C. J. 21; 215; 6 Cyc. 376; C. N. O. & T. P. Ry. Co. v. Rankin, 153 Ky. 730; C. & O. Ry. Co. v. Williams, 156 Ky. 114; Gaddie & Stiles v. L. & N. R. R. Co., 129 Ky. 175; Hall v. Renfro. 3 Met. 51; C. N. O. & T. P. Ry. Co. v. Sanders, etc., 118 Ky. 115; Southern Ry. Co. v. Smith, 125 Ky. 656. Hence, if the facts of the case, as presented by the evidence, were such as to justify the giving of the instructions, and to make issues, in the evidence, of such as were submitted to the jury, it is apparent, that the court properly instructed the jury as to the law. The rule is, however, invoked, that, although the issue was made in the pleadings, as to the alleged negligence, of the servants of the appellant, who were in charge of the wagon, in failing to exercise ordinary care in discovering, that the goods were on fire and in saving them after

the discovery, it is insisted, that there was no evidence
tending to prove any negligence upon the part of the
servants, and hence the court should not have submitted
the issue to the jury. Doubtless, this contention should
be upheld, if all the facts proven by the evidence, and
the inference deducible therefrom, would show that the
servants of appellant, in charge of the wagon, had not
failed to exercise ordinary care for the safety and pre-
servation of the goods, but if the facts were such that
reasonable men might well differ as to whether there
was a failure to exercise ordinary care, it then became a
question for the jury and was properly submitted to it
for its determination. There were two servants of ap-
pellant with the wagon, to which was attached two
horses. If the theory of the appellant is correct, as to
the origin of the fire, it had burned for three-fourths of
a mile, a large part of which was traveled in a slow walk,
with both servants riding upon the front of the wagon
and within three or four feet of the fire before they dis-
covered it and then only when a witness, who lived beside
the road, and who had seen smoke arising from the wagon
before it arrived at her house, by vehement cries, at-
tracted their attention and told them of it. Neither ser-
vant made any effort to save the goods, but both pro-
ceeded to unhitch the team, but the owner of the house
insisted that they remove the wagon from such close
proximity to his house, when they hitched the team, drove
three hundred feet further and then again unhitched the
team and carried the horses away fifty or sixty feet and
then returned to the wagon. Neither up to this time
had made any effort to save any of the contents, and not
a single article was saved, but all were consumed. The
facts and circumstances were all in evidence, as detailed
by the servants of the appellant and other witnesses, and
they are not such as to prove without any contradiction
or differences of opinion among reasonable men, that
ordinary care was used by the servants in taking care of
the goods to discover the fact that they were on fire, or
to save either them or the wagon after they became aware
of the fire. There is a failure to satisfy, that if such
efforts had been made to save the goods as might and
could have been made, that they would not have been
saved. A jury is a peculiarly competent tribunal to de-
termine such an issue, and it is not our province to say
whether, in our opinion, they arrived at the proper ver-

dict. The evidence was such as to require its submission to the jury, and is sufficient to sustain the verdict.

The court, therefore, properly rejected the instructions asked by appellant, and properly gave the ones which it gave in lieu of them.

The judgment is therefore affirmed.