## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

JAMAICA POND AQUEDUCT CORPORATION *vs.* THEOPHILUS
P. CHANDLER & others.

Norfolk. Jan. 27, March 25, May 4. — Sept. 12, 1876. ENDICOTT &
DEVENS, JJ., absent.

Upon a writ of entry, the judge, by whom the action was tried without a jury, found
as a fact that a former owner, under whose deed the demandant claimed, was dis-
seised at the time of the execution of the deed. The full court, for whose con-
sideration the case was reserved, ordered judgment for the tenant, assigning the
finding of the judge as a conclusive reason therefor. The opinion also stated, as
an additional reason, that such former owner had, by a prior deed, granted to the
person under whom the tenant claimed, a determinable fee, which had not been de-
termined when the action was brought. Upon a subsequent writ of entry, brought
between the same parties, after the base fee had, according to the terms of the
grant, been determined, it was *held*, that the fact of disseisin was *res adjudicata,*
and a bar to the action.

WRIT OF ENTRY. The case was argued at the bar in January,
1876, and was afterwards argued in writing. So much of it as
is material to the understanding of the point decided is stated in
the opinion.

*A. D. Chandler*, for the tenants.

*M. Williams, Jr.*, for the demandant.

MORTON, J. This is a writ of entry to recover two tracts of
land situated in Brookline. At the trial, it appeared that the

VOL. VII. 1

demandant had previously brought a writ of entry to recover the demanded premises, and the tenants contend that the judgment in that suit is a bar to the present action.

The demandant shows no other title than that upon which it relied in the former suit.   In that case, it was found as a fact, that, at the time when a former aqueduct company made its deed to the city of Boston, under whom the demandant claimed, said aqueduct company was disseised of the demanded premises, and it was adjudicated that said deed conveyed no title to the city of Boston, and therefore that the demandant had no title which could be enforced in a writ of entry.   This finding and adjudication is conclusive between the parties.   It is a well settled principle, that where a right or a fact has been judicially tried and determined by a court of competent jurisdiction, the judgment thereon, so long as it remains unreversed, is conclusive upon the parties.   The facts put in issue and tried and determined became fixed facts between the parties for all purposes.  *Sawyer* v. *Woodbury*, 7 Gray, 499.   *Stevens* v. *Taft*, 8 Gray, 419.

This principle is decisive of the case at bar.   The former judgment is a bar to this suit, because the two actions are between the same parties, for the same cause of action, and depend upon the same facts and evidence.   In the opinion in the former case, the court assigned as a conclusive reason why the demandant could not maintain its action, that, the aqueduct corporation being disseised at the date of its deed to the city of Boston, it could convey no title to a stranger.  *Jamaica Pond Aqueduct Corporation* v. *Chandler*, 9 Allen, 159.   It is true that the court also stated, as an additional reason why the action could not be maintained upon the facts as they then existed, that the unrecorded deed from the aqueduct corporation to Ward conveyed a base fee which had not been determined, and therefore that the deed to the city of Boston conveyed no estate which could be demanded in a writ of entry before the base fee was determined by the happening of the collateral event upon which the fee in Ward was limited.   And the demandant now contends that it has determined the base fee in Ward and his assigns by taking up the pipes in Ward's land, and therefore has a right to maintain this action.   But the acts of the demandant in taking up the pipes do not control or in any way affect the fact that the

aqueduct company was disseised at the time of its deed to the demandant's grantor. That fact remains fixed between these parties, and is fatal to the demandant's case.

The court erred in admitting evidence to disprove this fact; it is *res adjudicata;* and the former judgment, while unreversed, is a bar to the present action. *Barry* v. *Adams*, 14 Allen, 208. *Hood* v. *Hood*, 110 Mass. 463.

As this point is decisive of the case, it is not necessary to consider the other questions argued by counsel, some of which are important and difficult.                    *Exceptions sustained.*