ABIEL P. R. GILMORE *vs.* GEORGE F. WILLIAMS.

Bristol.    October 22, 1894. — November 27, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Breach of Warranty — Action — Bar — Judgment and Payment in former Action — Pleading.*

A judgment by agreement, without a trial, in an action by A. against B. upon a promissory note given in payment for property bought by B. of A., the answer in which alleged that, if B. signed the note, it was obtained by fraud and misrepresentation and without any consideration therefor, and a voluntary payment of the judgment, are not a bar to an action by B. against A. for the breach of a warranty in regard to the condition and quality of the property, although he knew of the breach of the warranty long before he paid the judgment; and the fact that the note contained a stipulation that the title to the property should not pass until the note was fully paid is immaterial in the second action.

KNOWLTON, J.    This is an action to recover damages for a breach of a warranty in regard to the condition and qualities of three cows, bought by the plaintiff of the defendant on February 13, 1891.    At the time of the purchase the plaintiff paid one hundred dollars in cash, and gave his note for one hundred and twenty-five dollars, payable in two equal annual instalments, with interest, which made up the agreed price, two hundred and twenty-five dollars.    At the time of the trial there was

---

evidence tending to show the warranty alleged, and that the plaintiff was damaged by the breach of it.   The defendant then offered evidence that in September, 1893, a suit was brought by the defendant against the plaintiff on the note, and that a judgment was subsequently rendered by agreement of parties, without a trial, for the full amount of the note, which was afterwards paid by the present plaintiff.   After the payment of the judgment, this suit was commenced.   The plaintiff knew of the breach of the warranty long before he paid the judgment. The court ruled that the judgment by agreement upon the note, without a trial, and the voluntary payment of it were a bar to this suit, and directed a verdict for the defendant.

When the plaintiff discovered the breach of warranty, he could avail himself of his rights in either of three ways.   He might rescind the contract, return the property, and recover back his money ; *Bryant* v. *Isburgh*, 13 Gray, 607 ; he might set up the breach of warranty as a defence in whole or in part to a claim upon the note, and have his damages allowed by way of recoupment ; or he might pay the whole amount of the note and bring a suit for his damages.   It is clear that he was not obliged to set up the breach of warranty in answer to the claim on the note, and that payment of the note is not in itself a bar to an action for the breach of the warranty.   *Smith* v. *Palmer*, 6 Cush. 513.   *Cook* v. *Castner*, 9 Cush. 266, 277.   *Star Glass Co.* v. *Morey*, 108 Mass. 570, 573.   *Hunt* v. *Brown*, 146 Mass. 253, 255. *Fiske* v. *Steele*, 152 Mass. 260.   *Riley* v. *Hale*, 158 Mass. 240, 246.   If he chose to plead the breach of warranty in answer to the claim on the note, and if a judgment was entered against him for the whole amount due on the note, or a part of it, on the issue thus raised, the judgment would be a bar to any further claim under the warranty.   This would be so whether the judgment was entered by consent of parties, or upon a default after answer, or upon a verdict after trial on the facts.   His election to claim his damages by way of recoupment in that suit would be conclusive on him.   *Bradley* v. *Bradley*, 160 Mass. 258. *Watts* v. *Watts*, 160 Mass. 464.

If we interpret the bill of exceptions literally and strictly, there is nothing in it to show what defence was set up in the suit upon the note.   The ruling was made without any express

reference to the question whether the breach of warranty was pleaded or not. If we do not go outside of what is expressly stated in the exceptions, we must hold that the ruling was erroneous, because it stated in general terms that a submission to a judgment upon the note and a payment of the judgment were a bar to this action.

But we think it probable that the ruling was made in reference to the evidence which was introduced, showing the pleadings in the former suit. The bill of exceptions states that a certified copy of these pleadings and of the subsequent proceedings in the case was introduced, without stating what the pleadings were, and without otherwise referring to the evidence or incorporating it into the bill of exceptions. With the manuscript copy of the record prepared for our use, we find a copy of the pleadings and other proceedings in the suit on the note, certified by the clerk to be correct. If we assume, as the defendant in his brief seems to assume, that this is to be treated as a part of the bill of exceptions, we must inquire whether the cause of action now relied upon was pleaded in defence to the claim on the note. We find in the answer of the defendant in the former case an allegation that, if he signed the note, it was obtained "by fraud and misrepresentation, and without any consideration therefor." This may be sufficient to bar his claim in the present action under the first count in his declaration, which is in tort for fraudulent representations; but the declaration contains also a count in contract for the same cause of action, the plaintiff alleging that he is doubtful to which class of actions his case belongs. This second count alleges that there was a contract of warranty that the cows were with calf by a certain bull mentioned, and that each would give a specified quantity of milk per day " when fresh with calf." The giving of such a warranty which afterwards proves to be false is not necessarily inconsistent with perfect honesty on the part of the defendant. He may have believed the statements which entered into his contract, although it turned out that he was mistaken. In that case the present plaintiff would fail to maintain his allegation of fraud in his answer to the suit on the note, although he would have had a good defence to the extent of his damages if he had pleaded a breach of warranty. It appears that his claim, as

stated in the second count of his declaration, is materially different from the matter set up in his answer in the former suit, and the judgment in favor of the plaintiff upon those pleadings is no bar to the present action.

The copy of the pleadings in the former suit shows that the note declared on contains the stipulation that the title to the cows should not pass until the note was fully paid, and this fact, which is not mentioned in the bill of exceptions, is relied on by the defendant in his brief. But we are of opinion that it is not material in the present action. We must assume, on the facts stated, that the contract was executed on both sides so far as it could be before the time when the first annual payment on the note would become due. The stipulation making the sale conditional upon the payment of the note was for the protection of the defendant by way of security. The plaintiff entered into possession under his contract, and he had a right to the fruits of it. He might retain the cows on payment of the note, and enforce his right to be paid as damages the difference between their value as they were and their value as they would have been if the warranty had been well founded.

*Exceptions sustained.*

*E. L. Barney & D. T. Devoll,* for the plaintiff.

*C. S. Hayden,* for the defendant.