### SAUL WEISS *vs.* AUGUSTA LEVY & others.

Suffolk. March 27, 1896. — May 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Bill in Equity to obtain Possession of Leasehold Premises — Remedy at Law — Equitable Jurisdiction.*

If a lease of premises containing an habendum "to hold for the term of five
from the first day of February, eighteen hundred and ninety-five, yielding and paying therefor the rent of fifty-five ($55) dollars per month," is valid, a tenant at will of the demised premises becomes a tenant at sufferance; but a bill in equity against him and the lessor, to obtain possession of the premises, cannot be maintained by the lessee, since the latter has a plain, complete, and adequate remedy at law under the landlord and tenant process, in which the validity of the lease may be determined.

BILL IN EQUITY, filed March 4, 1895, to obtain possession of premises in which the plaintiff claimed a leasehold, estate, and

to enjoin the defendants Augusta Levy, Max Levy, Hermann Weiss, and Herman Greenbaum, from interfering with his occupation of the same.    Hearing in the Superior Court, before *Dunbar*, J., who found the following facts, and reported the case for the determination of this court.

On November 4, 1891, the defendant Augusta Levy, who was the owner of the premises No. 52 Howard Street, in the city of Boston, executed and delivered to the defendant Herman Weiss a lease thereof for five years from April 1, 1892, and Herman Weiss entered into occupancy thereof.    In December, 1891, while so occupying the premises, and carrying on therein the clothing business in the name of his wife, Rosa Weiss, Herman Weiss and his wife Rosa sold the stock, fixtures, and good will of the business to the plaintiff, and delivered to him the lease, and the plaintiff entered into possession of the premises, occupying them as a store, where he carried on the retail clothing business until his removal therefrom on October 7, 1894.

The bills for the rent, which were paid monthly, were made out to Herman Weiss, but were paid by the plaintiff, and the receipts were delivered to him.

During the period from November 4, 1891, to February 2, 1895, the defendant Max Levy, husband of Augusta Levy, had the entire charge and management of his wife's interest in the premises, and full authority to act for her in reference thereto.

Soon after the sale by Herman Weiss to the plaintiff, both the defendants Max and Augusta Levy were informed that the plaintiff was occupying the premises by virtue of his bargain with Herman Weiss, and assented thereto.

In June, 1893, the plaintiff, with the consent of Max and Augusta Levy, made improvements on the store, in consideration whereof, on June 30, 1893, one Nathanson, the son in law of Max Levy, in obedience to the order of the latter, wrote on the back of the lease, which was produced by the plaintiff, " Boston, June 30, 1895, this lease is extended to April 1, 1900," to which he signed the name of Max Levy.    The lease was then redelivered to the plaintiff, who has ever since had it in his possession.

On October 7, 1894, the plaintiff removed his business from the premises in controversy to the adjoining store, and during a

portion of the period between his removal and January 14, 1895, with the knowledge and assent of Max Levy, rented the premises to different tenants. The plaintiff paid the rent, from the time of his entry upon the premises in controversy down to and including the rent for December, 1894, to Max Levy, but paid the rent for January, 1895, to Augusta Levy. The last two payments were made respectively on January 14 and February 2, 1895.

On January 14, 1895, the plaintiff surrendered all his interest in the premises, and delivered up the keys thereof to Max Levy, who assented to the plaintiff's request that the premises should not be let to any one who would carry on a clothing business therein. Soon afterward Max Levy let the premises to the defendant Greenbaum as a tenant at will, who, on January 25, 1895, took possession thereof, and began to carry on the retail clothing business therein.

On January 30, 1895, a new lease of the premises, executed by Max Levy as agent for his wife Augusta, was made to the plaintiff, the habendum clause of which was as follows : " To hold for the term of five        from the first day of February, eighteen hundred and ninety-five, yielding and paying therefor the rent of fifty-five ($55) dollars per month."

The judge found that Max Levy had no written authority from his wife to sign this lease, but that, as agent for her, he had authority to rent the premises and to make the lease.

The defendants Greenbaum and Max and Augusta Levy have refused to permit the plaintiff to take possession of the premises under the lease.

*A. Hemenway*, (*A. E. Burr* with him,) for the plaintiff.

*S. H. Tyng*, for the defendants.

MORTON, J. It is expressly found that, on or about January 14, 1895, the plaintiff surrendered all his interest in the premises to Max Levy, the husband of the defendant Augusta, the owner of the premises, and delivered up the keys to him, and that Max soon after let the premises to the defendant Greenbaum, who entered into occupation and has since continued to occupy as tenant at will. It is also expressly found that Max Levy "had the entire charge and management of his wife's interest in the premises, and full authority to act for her in reference thereto," from November 4, 1891, to February 2, 1895 ; and the surren-

der must be held to have been made to him and to have been accepted by him for and on behalf of his wife. If the plaintiff had any interest in the premises under the lease to Herman Weiss, we think that it was extinguished by the surrender. It is not necessary to consider what was the precise nature of the plaintiff's interest. There is nothing in the other facts found by the presiding justice to show that his finding that the plaintiff surrendered his interest was erroneous. *Talbot* v. *Whipple,* 14 Allen, 177. *Amory* v. *Kannoffsky,* 117 Mass. 351. The circumstances attending the payment of the January rent to the defendant Augusta are not stated, and we cannot infer from that fact alone that the lease to Herman Weiss was thereby recognized by the parties as an existing lease. The plaintiff's case must rest, therefore, on the lease made to him on January 30, 1895. If that was a valid lease, it terminated Greenbaum's tenancy at will, and he became a tenant at sufferance, and the plaintiff could maintain an action against him under the landlord and tenant process to recover possession. *Hollis* v. *Pool,* 3 Met. 350. *Hildreth* v. *Conant,* 10 Met. 298. *Hooton* v. *Holt,* 139 Mass. 54. The validity of the lease could be fully tried in those proceedings. *Hilbourn* v. *Fogg,* 99 Mass. 11. *Lamson* v. *Clarkson,* 113 Mass. 348. *Emmes* v. *Feeley,* 132 Mass. 346. The plaintiff has therefore a plain, adequate, and complete remedy at law, and the case does not come within the equitable jurisdiction of this court. This view of the case renders it unnecessary to consider other questions that have been raised.

We think that the entry should be bill dismissed, and it is

*So ordered.*