## MYER BERMAN *vs.* HENRY N. CLARK COMPANY.

Suffolk.    January 3, 1907. — February 27, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Judgment. Res Judicata. Sale,* Warranty. *Damages,* Recoupment.

A judgment for the plaintiff in an action for the price of radiators furnished for houses of the defendant under a contract in writing warranting the radiators to be capable of warming all rooms in which they were placed to seventy degrees in zero weather, in which the defendant claimed in recoupment damages for a breach of this warranty and the plaintiff recovered the full amount claimed in his declaration, is a bar to a subsequent action by the purchaser against the seller for the breach of warranty. If at the trial of such subsequent action it appears that there was no zero weather before the trial of the first action, this is immaterial.

CONTRACT for a breach of a contract of warranty in writing which is quoted in the first paragraph of the opinion.    Writ in the Municipal Court of the City of Boston dated January 7, 1905.

The answer contained a general denial, and also set up as a bar the judgment which is described in the opinion.

On appeal to the Superior Court the case was tried before *Crosby,* J., who ordered a verdict for the defendant, and at the request of the plaintiff reported the case for determination by this court.    If the direction was wrong as a matter of law, the verdict was to be set aside and such disposition was to be made of the case as law and justice might require.    If the direction was correct, judgment was to be entered for the defendant on the verdict.

The case was submitted on briefs.

*R. D. Ware,* for the plaintiff.

*J. J. Feely & R. Clapp,* for the defendant.

KNOWLTON, C. J.    The defendant made a contract in writing to furnish and put in place specific apparatus for heating three houses belonging to the plaintiff.    The contract contained a guaranty as follows: " We guarantee this apparatus to be complete in every way and when finished to be capable of warming all rooms in which radiators are placed to 70° in zero weather. We guarantee this apparatus against all imperfections in mate-

rial and workmanship for one year." This action is brought to recover upon this guaranty.

An earlier action was brought by the defendant company against the plaintiff, to recover the price of this apparatus, and for extra work in connection with the contract. As a defence to this former action, the present plaintiff answered, denying that the plaintiff in that action had fulfilled its contract, and averring that it failed to provide apparatus which complied with the guaranty contained in the contract, in that the apparatus furnished has been and was unable to heat the apartments to seventy degrees in zero weather, etc., and claiming a recoupment of damages. After a trial upon these pleadings, the plaintiff in that action recovered from the present plaintiff the full amount claimed in its declaration. The only question now before us is whether the judgment in the former action is a bar to the present one.

We think it plain that it is. The principles applicable to the case were considered in *Gilmore* v. *Williams*, 162 Mass. 351, in *Bradley* v. *Bradley*, 160 Mass. 258, and in *Watts* v. *Watts*, 160 Mass. 464. See also *Morse* v. *Elms*, 131 Mass. 151. In *Gilmore* v. *Williams* it was said of the plaintiff, seeking to recover on a breach of warranty, he having previously set up this breach as a defence to an action upon the note given in consideration of the warranty, " if he chose to plead the breach of warranty in answer to the claim on the note, and if a judgment was entered against him for the whole amount due on the note, or a part of it, on the issue thus raised, the judgment would be a bar to any further claim under the warranty. This would be so whether the judgment was entered by consent of parties, or upon a default after answer, or upon a verdict after trial on the facts. His election to claim his damages by way of recoupment in that suit would be conclusive on him." This doctrine is conclusive against the right of the plaintiff to recover in the present case. There is a well recognized distinction, referred to in the cases above cited, between the effect of a judgment pleaded as an estoppel as to facts arising collaterally in another action, and its effect as a final determination of the matters declared on as the cause of action, or set up in the answer as a ground for an allowance in defence.

It is immaterial that there had been no zero weather before the trial of the first action. The capacity of the apparatus was put in issue, and could be shown otherwise than by actual experiment. Evidence was introduced on the subject, and it would have been in the power of the court, upon motion, to continue the case for trial until there was an opportunity for an experiment, if it had been thought advisable to do so.

*Judgment on the verdict.*