### DREVET MFG. CO. v. MOORE BROS. GLASS CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

#### No. 143.

JUDGMENT (§ 585*)—MATTERS CONCLUDED—ACTION FOR PRICE OF GOODS SOLD.
      Where, in an action for the price of goods sold, a breach of warranty is unsuccessfully relied upon as a defense, it cannot subsequently afford a cause of action for damages.

      [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1095; Dec. Dig. § 585.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Anton Gronich (Nathan Ottinger, of counsel), for plaintiff in error.
Albert H. Atterbury (John Brooks Leavitt and Stuart G. Gibboney, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. In this action the defendant in error, hereinafter called the plaintiff, sued to recover the agreed price of certain glass bottles made upon request.. The defendant set up a breach of warranty as a defense. It alleged, among other things, that the plaintiff agreed that the bottles should stand the test used by Dr. Marchard—

its president—and that they did not. The defendant offered evidence of the alleged agreement and that a large proportion of the bottles delivered did not stand the test. It appeared that some of the bottles for which the plaintiff sought to recover had been delivered and that others had not. The jury brought in an irregular verdict for the plaintiff for the full amount claimed, but providing for a test of the undelivered bottles.

The trial court refused to accept this verdict, and explained why. It then went on to say:

"If you are of that opinion and inclined to find a verdict for the plaintiff, the effect of your verdict, among other things, would be that the bottles now on hand and stored or kept by the plaintiff, as they say, for account of the defendant, would become the property of the defendant; and if those bottles, and if any other bottles already delivered to, and used by, or attempted to be used by, the defendant, do not live up to, survive, or endure the test properly considered, then the defendant has his action for damages against the plaintiff for the defective quality of those bottles, whether they have been delivered, or whether they are still in the plaintiff's storehouses."

This charge was erroneous. The defendant, having set up as the basis of its defense of breach of warranty that the bottles were defective and would not stand the agreed test, and having offered evidence in support of its allegations, could not, after verdict and judgment for the plaintiff, maintain an action for damages on account of the defective quality of the bottles. The matter became res adjudicata. When a breach of warranty is unsuccessfully relied upon as a defense to a suit for the price, it cannot subsequently afford a cause of action for damages. Gilmore v. Williams, 162 Mass. 351, 38 N. E. 976.

The plaintiff apparently contends that this conclusion does not follow in the case of undelivered goods—that when, after a verdict for the manufacturer for the price of undelivered goods, the vendee obtains them, and finds them not in accordance with the contract, he may still sue for the breach of warranty. Undoubtedly this would be true, if he had not set up and attempted to prove a breach of warranty in the action for the price. If he had, we see no distinction between goods undelivered and delivered. But, if such distinction exists, it was not recognized in the charge of the trial court, which stated that the defendant would have its cause of action for damages, whether the bottles had been delivered or were still in the plaintiff's storehouses. In view of the verdict which had been brought in just before these instructions were given, it is obvious that the error was prejudicial to the defendant.

We find no other errors in the rulings or charge.

The judgment of the Circuit Court is reversed.