WILLIAM A. EDWARDS & another *vs.* COLUMBIA AMUSEMENT
COMPANY.

Suffolk.   March 19, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Equity Jurisdiction, Res judicata,* To regain possession of real estate.   *Landlord and Tenant.   Summary Process for Possession of Land.   Judgment.*

The owner of certain premises made a lease of them for a term of more than seven years.   For six years the lessee did not record the lease as required to do by R. L. c. 127, § 4, and, before it was recorded, the premises had been conveyed by mesne conveyances to one who threatened to oust the lessee of possession, and the lessee by a suit in equity sought to enjoin such action, alleging that the defendant and all his predecessors in title had had actual notice of the lease.   While the suit was pending, the defendant brought an action of summary process for possession of the land against the plaintiff under R. L. c. 181 and, after a full trial of the question, whether the defendant and his predecessors in title had notice of the plaintiff's lease, obtained a judgment therein. The plaintiff did not appeal therefrom, but surrendered possession to the defendant and amended his bill in equity, setting up the facts as to the judgment in the action of summary process for possession of the land and his surrender of possession, and praying for a restoration of possession.   *Held,* that the judgment in the action of summary process was *res judicata* barring the maintenance of the suit in equity.   *Held, also,* that the bill in equity as amended was not an "action . . . brought . . . to recover the lands or tenements in question," to which by R. L. c. 181, § 9, the judgment in the action of summary process would not be a bar, because the plaintiff did not therein seek to settle the title to the land, but only the right to present possession.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 27, 1911, and amended on June 13, 1911, in which the plaintiffs alleged in substance that they rightfully were in possession of a portion of the Grace Building, so called, in Boston, under a lease to them from the owner dated September 21, 1904, for a period of nine years and nine months; that, through mesne conveyances of the equity of redemption subject to a mortgage on the premises dated November 3, 1909, and mesne conveyances following a foreclosure by sale under the mortgage, the defendant had acquired the owner's interest in the premises; but that the defendant and all its predecessors in title, at the time when they acquired title, knew of the plaintiffs' lease, and that the

defendant was threatening to deprive the plaintiffs of possession. The prayers of the bill were for a temporary and a permanent injunction restraining the defendant from interfering with the plaintiffs' possession.

The bill also was amended on October 6, 1911, and January 23, 1912, by further alleging that on May 3, 1911, (after this suit was begun,) the defendant brought against the plaintiffs an action of summary process under R. L. c. 181, in the Municipal Court of the City of Boston for possession of the premises and on June 30, 1911, obtained a judgment in its favor therein, that the plaintiffs did not appeal from such judgment but surrendered peaceable possession to the defendant, which was accepted. The prayers as amended were for an adjudication that the plaintiffs' lease was valid and that the defendant be ordered to surrender possession of the premises to the plaintiffs.

The defendant in its answer alleged, among other things, that the plaintiffs' lease was not recorded until September 17, 1910, denied the notice to the defendant and its predecessors in title alleged in the bill, and stated that the judgment of the Municipal Court of the City of Boston in the proceedings of summary process for possession of the land brought by the defendant barred this suit.

The suit was heard by *Braley*, J., who, among other things, found that, although the plaintiffs' lease was not recorded before the mortgage under which the defendant claimed its title, the defendant and all its predecessors in title had actual notice of the existence of the lease, and ruled that, under R. L. c. 181, § 9, the judgment in the action in the Municipal Court of the City of Boston to recover possession was not a bar to the bill, which might be maintained by the plaintiffs to recover possession. He further found, " however, as a fact, so far as it may be material, that evidence as to whether or not the several incumbrancers on the Grace property and the Columbia Amusement Company subsequent to the plaintiffs' lease had notice of the lease at the time when they severally acquired their title, was introduced in the trial of the action to recover possession, and this issue was there raised. " By his order an interlocutory decree was made adjudging the plaintiffs' lease valid and referring the case to a master upon certain issues not now material.

After the filing of the master's report, the suit was further heard by *Sheldon,* J., by whose order a final decree was entered directing the defendant to deliver possession to the plaintiffs on terms not now material.   The defendant appealed.

*L. E. Warner,* for the defendant.

*H. A. Brown,* for the plaintiffs.

SHELDON, J.   The fundamental question is whether the judgment rendered in the Municipal Court of the City of Boston in favor of the present defendant against these plaintiffs for possession of the premises described in the bill is a bar to the maintenance of the present suit.

Since the filing of the amendment or supplemental bill in October, 1911, and of the amendment allowed on January 23, 1912, the plaintiffs have asked only that their lease, as to the premises described in the bill, be declared valid, and that the defendant be ordered to surrender to the plaintiffs possession of said premises.

The judgment in the Municipal Court was rendered after the filing of the original bill in this case, but before the filing of the supplemental bill.   It was rendered upon an action brought by the present defendant under R. L. c. 181, against these plaintiffs, to recover possession of the premises.   Due service of process was had, the parties appeared, and the case was tried in the Municipal Court.   At that trial, evidence was put in as to whether or not the several incumbrancers on the Grace property and the defendant had notice of these plaintiffs' lease, and that issue was raised. The present plaintiffs did not appeal from that judgment, but surrendered possession.   They now seek to be restored to that possession.

The validity against the defendant of the plaintiffs' lease depended on the question whether the defendant or its predecessors in title had notice of that lease.   It ran for more than seven years, and was not recorded until after the title under which the defendant claimed had accrued.   R. L. c. 127, § 4.   That issue was raised at the time in the Municipal Court, and the judgment in favor of this defendant could not have been given unless that issue had been found in its favor.   It could not otherwise have been found, under R. L. c. 181, § 3, that the defendant was entitled to possession.   Moreover, as the plaintiffs had been in quiet possession for more than three years before the commence-

ment of that action, the judgment could not have been entered unless it had been found that their estate had been ended; R. L. c. 181, § 10; but no claim was made that it had been ended, except upon the ground that it had not been seasonably recorded, and that neither the defendant nor its predecessors in title had had any notice thereof. Indeed there is nothing to indicate that any other issue was raised at the trial. The finding accordingly must have been made that there had been no such notice. That finding became *res judicata* between these parties. *Black River Savings Bank* v. *Edwards*, 10 Gray, 387. *Jennison* v. *West Springfield*, 13 Gray, 544, 545. *Burlen* v. *Shannon*, 99 Mass. 200, 203. *Jamaica Pond Aqueduct* v. *Chandler*, 121 Mass. 1, 2. *Berman* v. *Henry N. Clark Co.* 194 Mass. 248. Neither party can raise the question again in other litigation, unless this result is prevented by the language of R. L. c. 181, § 9: "The judgment in an action under the provisions of this chapter shall not be a bar to any action thereafter to be brought by either party to recover the land or tenements in question."

But the present action is not brought to recover the premises described in the bill. The plaintiffs seek merely to be restored to the possession under the lease which they set up. They do not seek to settle the title, but only the right to the present possession, and that is the peculiar function of the summary remedy provided by R. L. c. 181. *Page* v. *Dwight*, 170 Mass. 29, 35, 40. Since the allowance of the amendment or supplemental bill under which the suit is now prosecuted, it is merely the summary process given by the statute, put into the shape of a bill in equity. *Weiss* v. *Levy*, 166 Mass. 290. Certainly it is not such a new action as is contemplated by the statute last cited, for the recovery of the property itself.

The judgment of the Municipal Court, not having been appealed from but remaining in full force and effect, is a bar to the maintenance of this bill, as it would have been a bar to the bringing of another action by these plaintiffs under R. L. c. 181, merely to raise again the same issues which had been determined in the prior action. Neither such a supposed second action nor this bill raises any new issue or seeks to recover the premises themselves, or anything more than the bare possession.

It is unnecessary to consider the other questions which have

been argued. Both the interlocutory decree appealed from and the final decree must be reversed, for the reason that on the facts appearing the bill cannot be maintained.

*So ordered.*