SIMON VORENBERG *vs.* WILLIAM FILENE'S SONS COMPANY.

SAME *vs.* SAME.

SAME *vs.* SAME.

WILLIAM FILENE'S SONS COMPANY *vs.* ALONZO W. PERRY.

SAME *vs.* SAME.

SAME *vs.* SAME.

Suffolk.   December 5, 1918. — February 26, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Judgment.   Election.   Landlord and Tenant.   Covenant,* Continuing breach.

In a former action on a covenant in a lease to pay rent, the defendant claimed an abatement of the rent by reason of a breach by the plaintiff of a covenant to restore the building to its former condition after an injury by fire not exceeding fifty per cent of the value of the building before the injury.   That action was brought for the rent for certain months while the term of the lease was unexpired.   The defendant's answer in that action contained the following: "by reason thereof, and of the plaintiff's said failure to restore said premises to the condition they were in before their said injury, as far as that can be done out of the proceeds of the insurance, the defendant has been greatly damaged, and it claims to recoup its said damages in this action."   In that action it was held that the lessee was entitled to an abatement from his rent, which should include the amount of the cost of such restoration.   Later the lessor brought the present action for the rent due for certain months subsequent to the bringing of the former action and the defendant lessee claimed an abatement like that claimed by him in the former action.   The presiding judge ruled that the defendant was precluded by the judgment in the first action from having the rent abated or from having damages recouped because of any failure on the part of the plaintiff to restore the building to the condition in which it was before the fire.   *Held,* that the portion quoted above of the answer in the first action was an election by the defendant to take damages in recoupment in that action for the plaintiff's continuing breach of covenant to restore the premises, and that the damages assessed under that answer stood in place and performance of the covenant to restore the premises, so that the defendant was precluded by the judgment in the first action from claiming any abatement for the continuing breach of that covenant when he was sued for the rent for subsequent months.

THREE ACTIONS OF CONTRACT by the owner of the building numbered 451 on Washington Street in Boston for rent for the months from October, 1915, to December, 1916, inclusive, with taxes and insurance alleged to be due under a lease in writing, and

THREE LIKE ACTIONS by the defendant in the first three actions against a sublessee. Writs dated June 6, 7, September 9 and December 16, 1916.

In the Superior Court the cases were tried together before *McLaughlin,* J. The proceedings are described in the opinion. In each of the cases the judge ordered a verdict for the plaintiff. In doing so the judge made the following statement:

"As I understand it, the only issue or issues raised by the defendant in any of these actions is that the rent is to be abated and that he is entitled to have damages recouped on the theory that the plaintiff failed to restore the premises to the condition in which they were before the first fire, as well as to avail himself of an abatement because he claims they were rendered unfit for use; and my ruling is that those questions, so far as the first fire was concerned, were concluded by the judgment in the action which was tried and on which the plaintiff had judgment.

"My ruling is that the defendant is precluded so far as any right to have the rent abated or to have damages determined or recouped because of any failure on the part of the plaintiff to restore the premises to the condition in which they were before the first fire, by the judgment in the first action. My ruling is that he is precluded as to those matters by the judgment in that case.

"And that, as I understand it, is the only ruling to which any exception is taken, and if my ruling is correct it is conceded that the verdicts which I am about to order in the amounts agreed upon by counsel are properly ordered — if my ruling is correct."

The decision of this court in the previous actions referred to by the judge is reported in 227 Mass. 575.

The defendants alleged exceptions.

*J. E. Hannigan,* (*J. B. Studley* with him,) for the William Filene's Sons Company in the first three cases and for Perry in the last three cases, that is, for the defendant in each of the six cases.

*W. R. Sears,* for the plaintiff Vorenberg.

PIERCE, J. These are actions to recover rents, taxes and insurance under covenants contained in a lease executed by and be-

tween the plaintiff and the defendant in the three first actions, and by and between the defendant in those actions and the defendant in the three last named actions. The defendant William Filene's Sons Company admits its obligation to pay the amount claimed unless it is entitled to an abatement. The defendant Alonzo W. Perry, as sublessee, admits the amount claimed against him is due unless he is entitled to a like abatement. In each set of actions the premises demised are the same, the periods of time included are the same, the amount of rent sought to be recovered is the same, and the single issue of law presented is, was the judge of the Superior Court right in ruling "that the defendant is precluded so far as any right to have the rent abated or to have damages determined or recouped because of any failure on the part of the plaintiff to restore the premises to the condition in which they were before the first fire, by the judgment in the first action."

The premises were injured by a fire which occurred on February 6 or 7, 1915. The rent under the demise to William Filene's Sons Company and under the demise to Alonzo W. Perry was paid up to June 1, 1915. The action reported in 227 Mass. at page 575 was brought to enforce the covenants of the leases to pay rent for the months of June, July and August, 1915. The present action is upon the same covenant to recover rent of the same defendants for the remaining months of 1915 and for every month during the year 1916.

In the answers filed in the former actions the several defendants in the paragraph numbered 2 of their answers, set out that provision of the lease which reads: "'In case said premises or any part thereof are injured by fire or other casualty, the rent reserved shall be abated in proportion to the extent to which said premises are thereby rendered unfit for use by the lessee, until the premises are restored as hereinafter provided. If such injury does not exceed fifty (50) per cent of the value of the building immediately before the injury, as determined by the adjustment of insurance, the lessor shall, as soon as may be, restore said premises to the condition they were in before such injury as far as this can be done out of the proceeds of the insurance,'" and alleged that "on or about February 7, 1915, said premises were injured by fire, and thereby rendered, in part, unfit for use by the defendant;"

that "the insurance due to the plaintiff on account of said fire was adjusted on or before April 13, 1915;" that "on or before that date the plaintiff received payment of said insurance in full . . . and [that] the injury caused by said fire did not exceed fifty (50) per cent of the value of the building immediately before the injury, as determined by the adjustment of insurance." The defendant charged that "the plaintiff did not, as soon as might be, restore said premises to the condition they were in before such injury, as far as could be done out of the proceeds of the insurance, and the plaintiff has never so restored said premises;" and asserted "by reason of the facts aforesaid, the defendant is entitled, with respect to the entire period subsequent to the date of said fire, and with respect to the months rent for which is claimed in said declaration, to an abatement of rent, as in said indenture provided."

In paragraph 3 of the answers the defendants, further answering, say: " . . . by reason thereof, and of the plaintiff's said failure to restore said premises to the condition they were in before their said injury, as far as that can be done out of the proceeds of the insurance, the defendant has been greatly damaged, and it claims to recoup its said damages in this action."

Under paragraph 2 of the answers in abatement of the rent the amount of damages suffered by the defendants by reason of the failure of the plaintiff to restore the premises to the condition they were in before they were injured by the fire could not be assessed beyond the date of the writ. The obligation of the covenant is a continuing one, and is enforceable until the premises are restored. *Fay* v. *Guynon*, 131 Mass. 31.

It follows that the defendants are entitled to an assessment of damages in abatement in the present actions, unless in lieu of an insistence upon a physical and specific performance of the covenant "to restore said premises to the condition they were in" they have elected to take damages in recoupment. We think paragraph 3 of the answers above quoted is such an election, and that the damages which were assessed under those answers in recoupment by the court, or which might have been assessed on submission by the jury, now stand in place and in performance of the covenant to restore the premises. *Black River Savings Bank* v. *Edwards*, 10 Gray, 387. *Berman* v. *Henry N. Clark Co.* 194 Mass.

248. *Edwards* v. *Columbia Amusement Co.* 215 Mass. 125. It is quite true the rent sought to be recovered is not the same rent sought to be recovered in the former actions and that the abatement is not the same abatement, "but the question here is, not on the identity of the cause of action, but on the identity of the grounds of defence set up in the former actions, with those relied on in answer to the present actions. These are precisely the same." *Black River Savings Bank* v. *Edwards, supra.*

*Exceptions overruled.*