# Chambersburg Borough School District, Appellant, v. Hamilton Township School District.

*Equity—Parties—School law—Borough.*

1. Where a portion of a township is annexed to a borough and thereafter the borough files a bill in equity against the township, involving title to a school property in the annexed district, it is improper to join with the borough, a resident of the borough living in the annexed district as a party plaintiff (1) because such resident is not a resident of the township, but of the borough, and as such cannot join with the borough to make the bill a taxpayer's bill as against the township, and (2) because the borough school district authorities have full power in themselves apart from a taxpayer to maintain a bill to enforce its rights in school property.

*Equity—Ejectment bill—Fraud.*

2. Equity has no jurisdiction to determine the rights of adverse claimants to land on a mere allegation of fraud as to a link in the chain of title when there is no other complication either as to parties or subject-matter, and where the only question involved is one of disputed title.

3. Where land has been taken from a township and annexed to a borough, and the borough claims title to school property in the annexed district by virtue of the annexation proceedings, and it appears that prior to the annexation the school district of the township had conveyed the land to an individual, and thereafter took from him a lease, the borough school district has no standing to maintain a bill in equity where the only ground alleged is that the deed from the township school district to its grantee was fraudulent. In such a case there is an adequate remedy at law, and the bill will be dismissed as an ejectment bill.

Argued March 7, 1910. Appeal, No. 57, Jan. T., 1909, by plaintiffs, from decree of C. P. Franklin Co., Equity Vol. 3, page 98, dismissing bill in equity in case of Chambersburg Borough School District and Whitfield C. Bishop v. Hamilton Township School District and John W. Bossart. Before Fell, C. J., Brown, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Bill in equity to cancel a deed.

Gillan, P. J., stated the case to be as follows:

The township of Hamilton comprises one school district; it adjoins the borough of Chambersburg. In recent years the portion of the township adjoining the borough has very materially increased in population. It became necessary for the school directors to furnish school facilities for this increased population. In 1903 the township built a schoolhouse on a lot of ground purchased by them, the cost of the lot and building being $2,813.60, which was paid for out of the funds of the township raised by taxation. On January 18, 1906, the school directors of the township, by deed, conveyed this house and lot of ground to John W. Bossart, a member of the board, for a consideration of $1,700, which deed was at once put on record. On the same day, the said John W. Bossart leased the property to the school district of Hamilton township at an annual rental of $170. A school was maintained in said building by the said school district from the time of its erection until the territory in which it is located was made a part of the borough of Chambersburg.

The bill alleges that the names of the members of the board voting for and against the resolution authorizing the sale of said property were not entered on the minutes of the board. On May 11, 1908, by ordinance, duly enacted and filed in the office of the clerk of the court of quarter sessions of the county, a portion of Hamilton township, containing a population of about 700, and in which portion of the township is located the lot of ground

and schoolhouse above mentioned, became a part of the borough of Chambersburg. The portion so annexed is by the plaintiffs in their bill denominated the addition. On January 15, 1906, a petition signed by a majority of the owners of lots and out lots in said addition, was presented to the town council, asking that the said addition be annexed to said borough; this petition had been signed in the fall of 1905; no action was ever taken on this petition. On November 4, 1907, a second petition was presented and the same day an ordinance, duly passed, annexed the said addition to the borough, which ordinance was approved by the burgess on November 8, 1907, and became finally operative on May 11, 1908. None of the persons who were members of the school board of Hamilton township at the time the conveyance was made, are or were residents of the addition. Whitfield C. Bishop, one of the plaintiffs, was, from a time prior to May 1, 1903, and still is, a resident of and taxpayer in the said addition, having paid his proportionate share of the cost of said lot of ground and building.

The plaintiffs allege that the sale to Bossart was unlawful: (1) Because no action was taken by the board authorizing said sale, and recorded on the minutes of the board; (2) that the names of those directors voting for and against the resolution authorizing said sale were not entered on the records (3) because John W. Bossart, to whom the said conveyance was made, being at the time a member of the board, could not lawfully make said purchase. They further allege that the conveyance was made for the purpose of and with the intent of accomplishing a fraud upon the plaintiffs; that the said conveyance was made to the advantage of the school district of Hamilton township other than the addition, and to the personal advantage of John W. Bossart, and to the express and separate harm and disadvantage of the residents and taxpayers of the addition; that the board of directors, and especially John W. Bossart, in making said sale and conveyance, were not discharging

the duties of their office faithfully and impartially. They therefore ask: 1. That the deed be declared null and void, and that John W. Bossart be ordered and decreed to deliver up the same, and that it be canceled and the record thereof so marked. 2. General relief. The defendants having demurred, all the allegations of the bill are taken as true. The defendants demur on the ground that none of the parties plaintiff have any standing to inquire into the alleged transaction, the said Bishop not being a resident or taxpayer of the township; that the school district has no standing because at the time the said conveyance was made, the school district of the borough of Chambersburg had no interest whatever in the disposition of the property or funds in Hamilton township. Further, if they have any rights or standing in the premises, each has an adequate remedy at law. They contend that the bill is a mere ejectment bill, and therefore should be dismissed; that the matters are not cognizable in equity.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*William S. Hoerner*, with him *C. A. Suesserott, T. Z. Minehart* and *W. O. Nicklas*, for appellants.—As a general rule courts of equity have jurisdiction to relieve against every species of fraud: Clauer v. Clauer, 22 Pa. Superior Ct. 395.

The bill was not a mere ejectment bill: Mortland v. Mortland, 151 Pa. 593; Wagner v. Fehr, 211 Pa. 435.

*Charles Walter* and *O. C. Bowers*, with them *Arthur W. Gillan*, for appellees.—The plaintiffs are not proper parties.

The plaintiff school district has an adequate remedy at law: Messimer's App., 92 Pa. 168; Long's App., 92 Pa. 171; Barclay's App., 93 Pa. 50; Thomas v. Hukill, 131 Pa. 298; Williams v. Fowler, 201 Pa. 336; Richard's App., 100 Pa. 51.

The sale to Bossart was voidable and not void: Trainer v. Wolfe, 140 Pa. 279.

OPINION BY MR. JUSTICE ELKIN, April 25, 1910:

At the time of the filing of this bill Bishop was a resident of the borough of Chambersburg, and not of the township of Hamilton. His status as a taxpayer for the purpose of giving him standing in this proceeding is fixed as of the date when it was instituted. He is joined as a taxpayer for the purpose no doubt of having this treated as a taxpayer's bill. But why a taxpayer's bill when the borough school district not only has the right to act for itself but in point of fact is doing so? The school district of the borough is clothed with authority to bring suit and is asserting its power in the present proceeding. It does not strengthen the cause of the school district to add the name of an individual resident as a party. The subject-matter of this dispute concerns the school district of the borough which has ample power to protect school property under its control and to assert every legal or equitable right to which it is entitled. The board of school directors act for and represent the district not only in the conduct and supervision of the schools but in the assertion of every legal right relating to school property. If the members of the board are derelict in the performance of their duties, or act in violation of law, a taxpayer of the district may be heard to complain in a proper proceeding. No such situation is here presented. Bishop is not now a resident of, or taxpayer in, the township, and has no present standing to complain of what the board of school directors in that district did. When he was a resident of the township he did not complain and now when he has become a resident of the borough and might be incidentally benefited as a taxpayer in another school district it is too late for him to intervene to protect rights upon which he slept during all the time he was a resident of the township. He is not complaining of any action of the school board of the borough where he resides, but is at-

tempting to aid that board by lending his name as a party plaintiff. No authority is cited for such a precedent, and it is doubtful if there is any such authority, because there does not seem to be any reason or necessity for such a joinder. Whatever rights Bishop or any other taxpayer of the borough has, are fully protected by the action of the school board. The board of directors has full power to defend title to school property in its possession, or to recover possession of any real property belonging to the school district but which may not be in its possession. In no proper legal sense can this proceeding be considered a taxpayer's bill and it follows as of course that Bishop was improperly joined. With Bishop eliminated as a party it remains to be determined what standing the school board of the borough has to maintain the bill. The learned court below after full consideration held it to be an ejectment bill and dismissed it with costs. We have reached the same conclusion. The case is not complicated either by parties or subject-matter. The title to the lot of ground and the schoolhouse erected thereon, located in that part of the township which was annexed to the borough is the thing in dispute. The paper title to this property is in Bossart, who is exercising the rights of ownership under his title. The school district of the borough is claiming title to this property under the annexation proceedings. The contention of the borough is that the deed to Bossart is invalid and passed no title to him. If this be true, then the title to the property was in the township at the time of annexation and became the property of the borough school district by operation of law. It is difficult to see how a more clearly defined question of title to land could be raised. Whether the school district of the borough is in possession, or out of possession, is not now material in controversies growing out of disputed title. If in possession, the adverse claimant can be ruled to bring his ejectment; if out of possession, ejectment will lie to settle title and recover possession. The whole question of title can be settled in one action. Cer-

tainly, under these circumstances the remedy at law by ejectment is full, complete and adequate. We think no useful purpose can be served by a discussion of the cases relied on by the learned counsel for appellants and appellees to support the contention on one side that equity has jurisdiction and on the other that it is an ejectment bill to be tried on the law side of the court. In no decided case where the only question involved was one of disputed title, and right of possession, and no question of multiplicity of suits, or of diverse interests of several parties, or of complications arising out of the subject-matter, arose, has it ever been held that equity had jurisdiction to determine the rights of adverse claimants to land on a mere allegation of fraud as to a link in the chain of title when there was no other complication either as to parties or subject-matter. We think this is a question of disputed title, including right of possession, and should be tried on the law side of the court. The learned court below after reaching the conclusion that the bill should be dismissed proceeded to express an opinion on the merits of the case and the standing of the parties to institute further proceedings. We refrain from so doing because such an expression of opinion could only be advisory and the record as here presented would not warrant the entry of any final decree conclusive of the rights of the parties. If the parties cannot amicably settle their differences and an action of ejectment should be brought to determine the title to the school property in question, all questions affecting the validity of the conveyance to Bossart can then be raised.

Decree affirmed at the cost of appellants.