WILLIAM GLICKMAN & others *vs.* PHILIP KASTEL & another.

Norfolk.    March 2, 1948. — July 1, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Equity Jurisdiction,* Recovery of possession of land.

There was no jurisdiction in equity of a suit by a buyer of an apartment house to compel the seller to vacate an apartment therein which, after a completed conveyance pursuant to a sale and purchase contract permitting the seller to occupy it for a specified period, he continued to occupy beyond the expiration of such period.

BILL IN EQUITY, filed in the Superior Court on November 4, 1946.

The suit was heard by *Warner,* J.

*B. Goldman,* for the defendants.

*S. M. Epstein,* for the plaintiffs.

QUA, C.J.    The defendants appeal from a final decree requiring them to deliver to two of the plaintiffs a first floor apartment in Brookline, allowing damages to the plaintiffs for loss of use and occupation, and also overruling the defendants' demurrer, which is treated by all the parties as applicable to the bill as amended.    Apparently consideration of the demurrer was postponed to the hearing on the merits.

The amended bill in substance alleges that on April 30, 1946, the plaintiffs purchased from the defendants and are the owners of the three apartment dwelling at 63 Gibbs Street;  that the plaintiffs paid the full purchase price pursuant to an agreement in writing dated February 27, 1946, and annexed to the bill;  that according to the agreement the defendants received permission to remain on the premises until September 1, 1946, the bill stating "it being understood that no tenancy would be created thereby";  that the defendants in violation of the agreement continue to trespass upon the property, and in spite of repeated demands that they perform their obligation under the agreement to deliver up possession of the premises now unlawfully

held by them, they have refused to remove themselves and their belongings and still continue to use the property and are trespassing thereon. The principal prayers are that the defendants be enjoined from trespassing upon the premises, that they be ordered to remove themselves and their belongings and to deliver up the possession of the premises as agreed, and for damages.

The written agreement annexed to the bill was a full and complete contract for the sale and purchase of the entire house and lot. It contained this provision, "The seller shall have the right to occupy his present apartment until September 1, 1946, without being liable for rent or use and occupation during said period."

There may be serious questions whether this provision in the agreement did not, as matter of law, create a tenancy for a term in spite of the allegation in the bill to the contrary (*Fiske* v. *Framingham Manuf. Co.* 14 Pick. 491, 493; *Fitch* v. *Windram*, 184 Mass. 68; *Milmore* v. *Landau*, 307 Mass. 589, 591), and whether the written agreement was not fully performed when the sale and purchase of the house and lot as a whole were carried out on April 30, 1946, the defendants remaining in possession of one apartment as tenants according to the agreement. But, however this may be, and in spite of some language in the bill about continuing trespass, it is plain from the bill itself that the gist of the plaintiffs' case was that they were the owners of the property; that the defendants had remained in possession of one apartment after the expiration of the time allowed them by the agreement; and that the plaintiffs sought to put the defendants out.

The demurrer should have been sustained. Equity will decree specific performance of a contract for the sale and conveyance of an interest in land. This is because the contract creates a right in the purchaser recognized in equity to have the title, and there is no other way in which that right can be enforced. But equity does not undertake to supply means by which one who already has the title can dislodge a wrongful possessor. "It is not the purpose of equity to try titles to real estate and put one party out of

possession and another in." *Robinson* v. *Robinson*, 73 Maine, 170, 176. Plaintiffs in such cases must resort to the ordinary remedies for the recovery of possession of land. *Holman* v. *Bailey*, 3 Met. 55. *Weiss* v. *Levy*, 166 Mass. 290, 293. *Edwards* v. *Columbia Amusement Co.* 215 Mass. 125, 128. *Porter* v. *Armour & Co.* 241 Ill. 145, 151. *Frost* v. *Walls*, 93 Maine, 405, 412–413. *Chandler* v. *Graham*, 123 Mich. 327. *Williams* v. *Mathewson*, 73 N. H. 242. *Chambersburg Borough School District* v. *Hamilton Township School District*, 228 Pa. 119, 124–125. *Watkins* v. *Childs*, 79 Vt. 234. *Lacassagne* v. *Chapuis*, 144 U. S. 119, 124. *Root* v. *Woolworth*, 150 U. S. 401, 410. *Rocky Mountain Fuel Co.* v. *New Standard Coal Mining Co.* 89 Fed. (2d) 147, 148–149. Pomeroy's Equity Jurisprudence (5th ed.) § 177. See *Labagnara* v. *Kane Furniture Co.* 289 Mass. 52, 56. This is not a case where recovery of possession of the land is incidental to some proper form of equitable relief. There is not, and never has been, any equity in the bill or in any part of it. The case must be distinguished from *Callahan* v. *Broadway National Bank*, 286 Mass. 473, cited by the plaintiffs. See *Reynolds* v. *Grow*, 265 Mass. 578, 580. The defendants demurred seasonably and so far as appears have waived none of their rights. See *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651. If regulations of the so called "O. P. A." applied to the situation, which we do not decide, and made it more difficult for the plaintiffs to obtain possession, they could not for that reason resort to unknown State procedures in the hope thereby to avoid burdens which the Federal government has deemed it necessary to impose.

We reach this result with less regret because we are informed by counsel on both sides that the defendants delivered up possession of the apartment after the decree in the lower court.

The final decree is reversed. An interlocutory decree is to be entered sustaining the demurrer and a new final decree is to be entered dismissing the bill with costs, but without prejudice to the bringing of an action at law for damages.

*So ordered.*