Rockingham,
No. 4848.

GEORGE E. TAPLEY *& a.*

*v.*

ROBERT G. CROTHERS *& a.*

Submitted October 4, 1960.
Decided October 28, 1960.

48

*Sleeper & Mullavey* for the plaintiffs.

*Shaines & Brown* and *Seth M. Junkins* for the defendants.

LAMPRON, J.  It appears from the allegations in plaintiffs' bill and from statements made by their counsel at the hearing on the motion to dismiss that they have always been in possession of the property in question.  This tends to prove that the parties did not intend their agreement to be a conveyance to the defendants of an exclusive right of occupation of the premises which is usually what a lease conveys.  Rather it seems what was intended was a contract for the sale of gravel with a license or easement to enter and remove the same for stated periods of time.  32 Am. Jur., Landlord and Tenant, *s.* 5, *p.* 30; 1 American Law of Property, *s.* 3.3; 1 Tiffany, Real Property (3d *ed.*) *s.* 79, *p.* 117.  This renders doubtful the applicability of RSA ch. 540 to their relationship.  However it is not necessary to decide this point for reasons hereinafter apparent.

Although not necessarily fatal under our liberal procedure, it is to be noted that plaintiffs' bill does not allege the lack of an adequate remedy at law.  In argument the reason advanced for equitable relief was that an injunction should be granted to prevent a continuing trespass.  However there is no allegation nor evidence of any threat of future trespasses which are likely to result in irreparable injury for which the defendants are incapable of responding in damages. *Perley* v. *Effingham,* 94 N. H. 120, 122.

"There is no rule except the rule of reason which can be applied to determine when an action at law is or is not an adequate remedy.  Each case depends on its own facts . . . . " *Spaulding* v. *Mayo,* 81 N. H. 85, 87.  On the record before us, the allegations of

the bill and argument of counsel, we are unable to say that the Trial Court's dismissal of plaintiffs' equitable proceeding was unwarranted.

*Exception overruled.*

All concurred.