Rockingham,
No. 5032.

EXETER REALTY CORPORATION *v.* PAULINE BUCK & *a.*

Argued June 5, 1962.

Decided June 29, 1962.

200

*Hamblett, Kerrigan & Hamblett* and *Robert W. Pillsbury* (*Mr. Pillsbury* orally), for the plaintiff.

*Robert Shaw* (by brief and orally), for the defendants.

KENISON, C. J. The application of the general and familiar rule that equitable remedies will not be granted where there is an adequate remedy at law necessarily depends upon the factual circumstances in each case. *Hoban* v. *Bucklin,* 88 N. H. 73; *Hatch* v. *Hillsgrove,* 83 N. H. 91. The issue presented in this appeal is stated by the plaintiff in the following language: "Is the plaintiff without right, as a matter of law, to enjoin the defendants' use of firearms to obstruct the plaintiff's lawful reoccupation of its premises subsequent to the determination of the lease for breach of a covenant to pay rent?" The issue as the defendants see it is whether equity will restrain the defendants from offering a legal defense to the cancellation of the lease and the eviction, or from resisting the use of force to illegally evict the defendants from the premises occupied by them as tenants under a written lease. It will be noted that both these issues as presented by the parties assume the existence of facts which may or may not be true.

This state has long proceeded on the basis that the division line between equity and law is not precise and that trial courts have considerable discretion in determining whether equity should intervene to aid litigants in the protection of their legal rights. *Spaulding* v. *Mayo,* 81 N. H. 85; *New Hampshire Board* v. *Company,* 90 N. H. 368; *New Castle* v. *Rand,* 101 N. H. 201, 202. While the present case is not a complicated one, it does demonstrate the consistent recurrence of the merging of the principles of law and equity in everyday disputes. Dean Pound in his introduction to Newman, Equity and Law: A Comparative Study (1961) stated

the problem in the following manner: "Yet the need of principles of discretion in applying legal precepts and remedies, of dispensing from strict application of rules under special circumstances or in unusual relations, and of mitigation of penalties or imposed liabilities under exceptional conditions, is even more imperative under the complicated and involved relations and circumstances of an increasingly crowded world. How to find the right place for discretion, dispensation and mitigation in a system of administration of justice in the unified world of tomorrow is a capital problem of the science of law."

The plaintiff argues that he should not be required to display warlike vigor greater than that of the defendants and that an injunction would insure peaceful judicial process as a substitute surrogate for force. See *Kenyon* v. *Chicopee*, 320 Mass. 528. The defendants point out that the plaintiff landlord has an adequate remedy by summary process and that the plaintiff may be protected from loss or damage by bond under the provisions of RSA 540:12, 23, 25. While this remedy may not be as speedy as self-help, it is the one that the Legislature has deemed generally satisfactory to settle disputes between landlord and tenant. *Velishka* v. *Laurendeau*, 100 N. H. 46; *Tapley* v. *Crothers*, 103 N. H. 46. This does not prevent the aid of equity if the court finds a necessity for it but in the absence of such a finding it has been the practice not to use injunction as a substitute for summary process under the statute. RSA ch. 540. *Williams* v. *Mathewson*, 73 N. H. 242. See also, *Burnham* v. *Kempton*, 44 N. H. 78, 95, where the Court said: "The only threat proved or pretended in this case, is to assert what the defendants claim as a right. If the question of right were settled against them, there is no reason to believe the injury would ever be repeated." The plaintiff has no undisputed right to forfeiture of the lease in view of the defendants' denial of any breach by nonpayment of rent or otherwise. No irreparable injury not compensable in damages will result if immediate possession of the leased premises is denied to it. In these circumstances equity need not intervene. *Williams* v. *Mathewson, supra*, 244.

Counsel for the defendants conceded in oral argument that the suggested use of force by the defendants to meet threats of forceful eviction by the plaintiff in the present dispute may not have been the best advice. However on this record we cannot assume that the Trial Court was required to grant a preliminary restraining order or mandatory injunction in this proceeding. *Glickman* v. *Kastel*,

323 Mass. 148; Annot. 32 A.L.R. 894; Annot. 15 A.L.R. 2d 213. The plaintiff's remedy under RSA ch. 540 provided an adequate basis for the Court's refusal to issue an injunction on the face of the proceedings. *Williams* v. *Mathewson, supra.*

The denial of the injunction in this case, of course, does not prevent the Superior Court or any other court from applying equitable principles or using equity jurisdiction to preserve the status quo, or to prevent a breach of the peace, or to prevent irreparable injury to any litigant. In the present case the plaintiff showed no clear right to the relief sought and hence the Trial Court's order must be affirmed.

*Exception overruled.*

All concurred.