Hillsborough,
No. 5618.

HELEN CORA BERNARD

*v.*

VALEDA E. BERNARD *& a.*

Argued September 6, 1967.
Decided December 29, 1967.

*Bois, Laflamme & Kalinski* ( *Mr. Alexander J. Kalinski* orally ), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* ( *Mr. Theodore Wadleigh* orally ), for the defendants.

GRIFFITH, J. Peter J. Bernard was the sole proprietor of a business conducted by him under the name of Bernard Tire Company. Peter died on March 1, 1955 leaving a will probated March 15, 1955 by his executrix Valeda E. Bernard. The will of Peter directed the executrix to incorporate the business of the Bernard Tire Company and to distribute twenty percent of the stock to each of two of his brothers, Hubert M. Bernard and Joseph F. Bernard, and the remainder to his widow Valeda E. Bernard.

On December 31, 1955 Valeda E. Bernard, Hubert M. Bernard and Joseph F. Bernard entered into a partnership agreement to conduct the business of Bernard Tire Company. The agreement recited the provisions of Peter's will, and that all parties to the agreement felt that it would be to their best interests to form a general partnership rather than conduct the business as a corporation. Hubert and Joseph were to have 20% interests and Valeda 60% of a total capital contribution of $171,277.13. The agreement provided for salaries of $12,000 per year to Hubert and Joseph and $8,000 per year to Valeda. In the event of the death or withdrawal of either Hubert or Joseph the agreement gave a primary option to the remaining brother to purchase the share of the withdrawing or deceased brother for $50,000 and

spelled out the method of payment. In the event the remaining brother did not take up his option it could be exercised by Valeda. Valeda had the right to dispose of her interest in the event of death or withdrawal without offering it to either Hubert or Joseph. The agreement under seal was also signed by the wives of Hubert and Joseph who, for one dollar and other considerations agreed to its provisions involving property in which they had any interest and also agreed to execute all documents necessary to effectuate the agreement.

Valeda E. Bernard filed in the Probate Court receipts from Joseph F. and Hubert M. Bernard indicating each had received 20% of the Bernard Tire Company, a receipt from herself for the residuary estate, and an affidavit that all the debts of the estate had been paid.

Joseph F. Bernard, husband of the plaintiff, died December 13, 1960 and the plaintiff was appointed executrix of his will December 20, 1960. On January 3, 1961, plaintiff executed, as executrix of the will of Joseph Bernard, a bill of sale to Hubert Bernard of the capital share and interest of Joseph Bernard in the partnership. Payment of the fifty thousand sale price was made as provided in the original partnership agreement and recited that it was to carry out the provisions of the partnership agreement by the exercise of Hubert's option. Hubert M. Bernard died April 22, 1963 and his wife Ruth R. Bernard was appointed executrix of his will.

The foregoing facts are contained in the bill in equity filed by the plaintiff. In addition the plaintiff alleges that Hubert M. Bernard unduly influenced the plaintiff to execute the bill of sale she executed as executrix to the estate's share in the partnership. The plaintiff filed an amendment to her bill in equity on November 3, 1966 claiming that Valeda E. Bernard practised constructive fraud by representing through financial statements prepared by her accountant that a 20% interest was worth $34,255.43 and in fact it was worth at least $76,000. The plaintiff claims that the estate of Peter Bernard is still open and prays the setting aside of her sale as executrix to Hubert Bernard; that Valeda incorporate the business as required by the will of Peter and distribute twenty percent of the stock to the plaintiff and account for the profits of the business since Peter's death.

The Trial Court dismissed the bill in equity on oral motion of the defendants prior to hearing and the plaintiff duly excepted.

The facts alleged in the petition are assumed to be true for the purposes of this motion and will be construed most favorably to the plaintiff. *Cote* v. *Litawa,* 96 N. H. 174, 175.

This bill in equity contains numerous allegations and prayers for relief to which the defendants have interposed various defenses. We pass over the valid defense that plaintiff has no standing to bring this action in her individual capacity ( *Woodbury* v. *Woodbury,* 47 N. H. 11; *Tappan* v. *Tappan,* 30 N. H. 50 ), and assume that plaintiff would be permitted to join in her capacity as executrix.

Plaintiff's first complaint is that her husband received twenty per cent of a partnership rather than a corporation, and that although both plaintiff and her husband agreed to it, and the husband participated in the partnership without complaint, for five years prior to his death, she is entitled to have it rescinded by Valeda and Hubert's executrix.

Plaintiff's second complaint is that Valeda failed to properly close the estate of Peter Bernard, although she recites that Joseph receipted in full for his legacy.

Plaintiff's third complaint is that she was induced by Hubert to execute a bill of sale in accordance with an option contained in the partnership agreement and prays that Hubert's executrix be ordered to rescind this. Plaintiff alleges further in support of this contention that the price of $50,000 was inadequate and that Hubert unduly influenced her to execute the option.

It is clear that up to this point the plaintiff has failed to allege any facts entitling her to relief. The beneficiaries of the will were entitled to make an agreement among themselves creating a partnership rather than a corporation and Joseph received the same interest in the partnership that he would have received in a corporation. *Wentworth* v. *Wentworth,* 75 N. H. 547; *Clarke* v. *Clay,* 31 N. H. 393. Since the partnership agreement could properly be made, then the mutual options between Hubert and Joseph bar the claim that the bill of sale was improperly procured by Hubert. The option being valid plaintiff cannot complain about the execution of a bill of sale she would have been required by law to execute. It would appear that the estate of Peter was properly closed ( RSA 553:14 ) and in addition plaintiff's testator received full payment of his legacy.

Plaintiff amended her petition on November 3, 1966 and in the first paragraph of the amendment alleged as follows:

"That the said Valeda E. Bernard practiced constructive fraud upon Joseph Bernard and Hubert Bernard in that she represented to them through financial statements prepared by her accountant that their twenty per cent interest was worth only Thirty-four Thousand, Two Hundred Fifty-five and Forty-three cents ( $34,255.43 ), whereas in truth and in fact a twenty per cent interest at that time, December 31, 1955, was worth at least Seventy-six Thousand Dollars ( $76,000.00 ) and in fact the formation of the partnership instead of the corporation was for her sole benefit, and to the detriment of Joseph Bernard and Hubert Bernard."

Constructive fraud is a device for preventing the unjust enrichment of one person at the expense of another even though no intentional wrongdoing may be involved. *Stevens* v. *Stevens,* 97 N. H. 135, 139; *Cotton* v. *Stevens,* 79 N. H. 224.

The difficulty with this claim of the plaintiff against Valeda is that there are no facts alleged to indicate Valeda is in a better position as a result of the partnership agreement than she would have been had a corporation been formed. Valeda received and still apparently has the sixty per cent interest in the business that she was entitled to under the will regardless of the value of the shares in 1955. Since Valeda has gained no benefit from the alleged constructive fraud this claim against her fails. *University* v. *Forbes,* 88 N. H. 17; *Follett* v. *Ramsey,* 101 N. H. 347; *American Fidelity Co.* v. *Cray,* 105 N. H. 132; see Restatement, Restitution, *s.* 1, *comment* b.

The dismissal was properly granted.

*Exception overruled.*

All concurred.