Carroll
No. 80-447

DAVID S. SANDS

v.

JOHN D. STEVENS & a.

November 20, 1981

*Michael E. Gould,* of Meredith, by brief and orally, for the plaintiff.

*Dickson, Fauver & Cooper,* of North Conway (*Randall F. Cooper* on the brief and orally), for the defendants Philadelphia Bourse, Inc. and Howard Butcher, III.

*Peter G. Hastings,* of Fryeburg, Maine, by brief for the defendants Town of Conway and John D. Stevens (Tax Collector for the Town of Conway).

PER CURIAM. This appeal relates to the ongoing saga of a parcel of land (known as the Texaco parcel) located in a North Conway shopping center. *See Merrimack Industrial Trust v. First National Bank of Boston,* 121 N.H. 197, 427 A.2d 500 (1981). The plaintiff argues that the Trial Court (*Batchelder,* J.) erred when it found an adequate remedy at law available and dismissed his bill in equity. We agree with the plaintiff, concluding that although he may have a remedy at law, it may not be a plain, fair, complete and adequate one. We therefore reverse and remand.

Because many of the facts surrounding the plaintiff's purchase of the Texaco parcel at a 1979 foreclosure sale have been set forth in *Merrimack Industrial Trust v. First National Bank of Boston,* 121 N.H. 197, 427 A.2d 500 (1981), only an abbreviated statement of the facts follows. The Texaco parcel was part of a large shopping center parcel owned by Merrimack Industrial Trust and its successor in interest, Joseph Dugas. After 1972, these parcels were held by separate deeds, and were subject to separate mortgages held by different mortgagees. The Town of Conway assessed taxes on these parcels in various ways, but for the taxes commencing April 1, 1977, it taxed the entire two parcels as one.

Subsequent to purchasing the Texaco parcel at a foreclosure sale in May 1979, the plaintiff sought to have the town apportion all taxes on the shopping center parcel which were outstanding from prior years; he desired to pay only the taxes which fell on his immediate property, the Texaco parcel. The town advised him that it would not apportion the taxes because one owner had held title to both the shopping center parcel and the Texaco parcel at the time the taxes were assessed.

The plaintiff contacted Gralyn Enterprises, Inc. (Gralyn), which had purchased from the town the rights to the 1977 real estate taxes on the entire shopping center parcel. He requested that Gralyn accept the pro-rata share of the taxes due on the Texaco parcel, which approximated five to seven per cent ($1,000–$1,400) of the taxes ($21,000) due on the entire shopping center parcel. Gralyn informed the plaintiff that it had assigned its rights to the 1977 taxes to a third party, which the plaintiff later learned to be Philadelphia Bourse, Inc. (Bourse), one of the mortgagees on the shopping center parcel.

The plaintiff's petition alleges that he was informed that Joseph Dugas, present owner of the non-Texaco portion of the shopping center parcel as well as trustee and beneficiary of Merrimack Industrial Trust (the predecessor in interest of the Texaco parcel), was the agent for Bourse in New Hampshire. The attorney for Bourse, who also represented the defendant Dugas and had previously represented Merrimack Industrial Trust, informed the plaintiff that the company demanded payment of the total tax amount due on the shopping center plaza, and would not accept the pro-rata share of the taxes due on the Texaco parcel. The attorney stated that if the plaintiff did not pay the total tax amount, Bourse would seek a tax collector's deed to the Texaco parcel upon expiration of the period of redemption.

On June 25, 1980, the plaintiff filed a bill in equity in the superior court "to enjoin the delivery of a tax collector's deed, [to] require apportionment of real estate taxes and [to obtain] other equitable relief." The Trial Court (*Temple*, J.) issued a temporary restraining order enjoining the Town of Conway's Collector of Taxes from issuing a tax collector's deed on the plaintiff's property. Defendant Dugas and defendant Bourse thereupon specially appeared in the superior court and filed motions to dismiss. After a hearing, *Batchelder*, J., granted the motions. The court found that the plaintiff could pay the taxes, sue the defendant Dugas for contribution in a court of law, and join any necessary parties. In addition, it suggested that under RSA 76:16 and RSA 76:17 (Supp. 1979) there are statutory procedures that the plaintiff might follow in order to obtain a tax abatement. The court thus found that an adequate remedy at law existed. It relied on *Exeter Realty Corp. v. Buck*, 104 N.H. 199, 182 A.2d 469 (1962), in holding that "an adequate remedy at law *precludes*, equity jurisdiction." (Emphasis added.) The plaintiff appeals from the dismissal of his petition.

We first dispose of the defendants' claim that the plaintiff failed to comply with the required practice and procedure for properly reserving his right to appeal. Contrary to their contention, our

review of the complete record, part of which this court had to secure from the superior court, reveals, and we hold, that the plaintiff properly preserved his right to appeal the granting of the motions to dismiss.

 We next consider the plaintiff's claim that the trial court committed error in ruling that "an adequate remedy at law precludes equity jurisdiction." Although the trial court based this ruling upon *Exeter Realty Corp. v. Buck*, 104 N.H. 199, 182 A.2d 469 (1962), we read *Exeter Realty* to hold that application of the general rule that an adequate remedy at law precludes equity jurisdiction "necessarily depends upon the factual circumstances in each case." *Id.* at 200, 182 A.2d at 470. The *Exeter Realty* decision further stands for the proposition that because "the division line between equity and law is not precise . . . courts have considerable discretion in determining whether equity should intervene to aid litigants in the protection of their legal rights." *Id.*, 182 A.2d at 470. In determining whether equity jurisdiction exists, the superior courts should not limit their inquiry solely to the question of the adequacy of the remedy at law; they should also consider whether the remedy at law is plain and complete. *See Rau v. New Hampshire Div. of Welfare*, 115 N.H. 156, 158, 335 A.2d 657, 658 (1975); *cf.* RSA 498:1 (Supp. 1979); RSA 498:2.

 In our review of the lower court's dismissal, the facts alleged in the plaintiff's petition are assumed to be true and will be construed most favorably to the plaintiff. *Bernard v. Bernard*, 108 N.H. 360, 363, 236 A.2d 685, 687 (1967); *see Royer Foundry & Mach. Co. v. New Hampshire Grey Iron, Inc.*, 118 N.H. 649, 651, 392 A.2d 145, 146 (1978); *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 610, 392 A.2d 576, 578 (1978). After examining the plaintiff's bill in equity, we find that he alleged sufficient facts showing that Dugas, the owner of the non-Texaco portion of the shopping center parcel, was insolvent and financially unreliable. Specifically, the facts indicated that, prior to 1979, Dugas, as trustee and beneficiary of the owner of the Texaco parcel, had repeatedly failed to heed the requests of the First National Bank of Boston to pay the real estate taxes due on the Texaco parcel, and that this conduct led to the foreclosure of the property. In addition, the facts showed that Dugas was not a resident of New Hampshire and that the heavily mortgaged shopping center parcel was his only known asset in the State.

Given Dugas' precarious financial status, we are unconvinced that a suit for contribution against him would have provided an adequate remedy for the plaintiff. Nonetheless, even assuming that a

suit for contribution was an adequate remedy, we find that the trial judge erred in failing to consider whether the remedy was plain and complete. Under the circumstances, we find that an order requiring the plaintiff, whose taxes were less than $1,400, to pay the entire amount due on the shopping center parcel ($21,000) and to seek contribution from Dugas, might not have been a plain and complete remedy at law.

■ In addition, because the plaintiff sought a reapportionment of his taxes and not an abatement, it was unclear whether the statutory procedure for a tax abatement (under RSA 76:16 and RSA 76:17 (Supp. 1979)), which the trial court suggested, would have provided a plain and complete remedy. The trial court thus erred in failing to address this question and in dismissing the plaintiff's suit against Dugas. Accordingly, we hold that the finding by the trial court that an adequate remedy at law existed did not preclude the court, in its discretion, from exercising jurisdiction over this dispute and deciding what relief, if any, should have been afforded the plaintiff.

■ We also hold that the lower court improperly dismissed the other defendants (Bourse, the Town of Conway, Howard Butcher, III, and the Tax Collector for the Town of Conway) from the immediate suit. The record discloses, as the plaintiff alleged in his petition, that these defendants were deeply involved in the events that led to the filing of the bill in equity. One defense counsel confirmed the defendants' involvement when he stated: "What's interesting, Your Honor, it is all tied together." Bourse, the Town of Conway, Howard Butcher, III and the Tax Collector for the Town of Conway, therefore, were properly joined in the action and should not have been dismissed from it.

*Reversed and remanded.*

BATCHELDER, J., did not sit.