Merrimack
No. 81-070
No. 81-159

# The American Board of Trade, Inc. & a.

## v.

## Dun & Bradstreet, Inc.

April 7, 1982

*Stanley, Tardif & Shapiro*, of Concord (*R. Peter Shapiro* on the brief and orally), for the plaintiffs.

*Hollman & Muller* and *Eleanor S. Krasnow*, of Manchester (*Ms. Krasnow* on the brief and orally), for the defendant.

King, C.J.   In June and August 1977, the plaintiffs, Arthur N.

Economou and the American Board of Trade, Inc., commenced three separate actions against the defendant, Dun & Bradstreet, Inc., in the Merrimack County Superior Court. Two of the actions were "actions at law," while the third action was a petition seeking equitable relief and money damages. Each of the actions sounded in libel and alleged damages in the sum of one million dollars. At that time, the plaintiffs were represented by Attorney Leonard J. Merski of Concord, New Hampshire.

On August 18, 1977, the defendant served the plaintiffs with twenty-eight interrogatories seeking extensive and detailed information. These interrogatories were not answered, and on October 27, 1977, the trial court granted the defendant's request for conditional default, with respect to the two actions at law, pursuant to Rule 36 of the Superior Court Rules. Attorney Merski failed to keep his clients informed of these proceedings. On December 1, 1977, the court granted the defendant's request that the default in the two actions at law be made final.

In February 1978, the defendant filed a petition for default of the equity petition, and the court granted it in March 1978. On March 16, 1978, the plaintiffs discharged Attorney Merski, and four days later, they notified the court of this fact. On March 26, 1978, the plaintiffs filed motions to strike the defaults. After a hearing on these motions, the Master (*Keller*, C.J. Ret.), denied the motions with respect to the actions at law, but set aside the default on the petition in equity. The master's recommendation was approved on August 4, 1978, by the Trial Court (*DiClerico*, J.).

Both parties excepted to the master's report. Additionally, the defendant moved to dismiss the petition in equity claiming that the petition did not state a cause of action upon which relief could be granted. By order of the Trial Court (*Souter*, J.), dated February 9, 1981, the exceptions of both parties were treated as motions to set aside the master's report and were denied. The court ordered that its ruling "constitute[d] a final decision on the merits" in the two actions at law and assigned the defendant's motion to dismiss the petition in equity to a Master (*Roger C. Burlingame*, Esq.) for recommendations. The master heard the defendant's motion to dismiss the petition in equity on March 26, 1981, and recommended that the motion be granted. His recommendation was approved on April 28, 1981, by the Trial Court (*DiClerico*, J.), and the plaintiffs appealed to this court. We affirm the trial court's decision to sustain the default on the two actions at law, but reverse its decision to dismiss the action in equity.

In their briefs, which cite far more than one hundred authorities to support their respective positions, the parties place great

emphasis on incidental matters. We are concerned, however, with the essential issues and not with the proliferation of incidental legal data and subordinate minutia.

■ The plaintiffs argue that the trial court erred in refusing to strike the defaults in the two actions at law. We disagree. Rule 36 of the Superior Court Rules states that if interrogatories are not answered within thirty days, a conditional default may be entered in the action. Rule 36 further states that a final default can be entered if the interrogatories are not answered within ten days after notice of the conditional default. In this case, the rule was properly followed, and the plaintiffs have not challenged the court's application of the rule. Rather, the plaintiffs claim Attorney Merski was solely responsible for the failure to answer the interrogatories, and, therefore, the plaintiffs should not have been penalized. The attorney's misconduct in this case, however, did not necessarily compel the trial court to refuse enforcement of its own rules. *See Brady v. Duran,* 117 N.H. 275, 276–77, 372 A.2d 283, 284–85 (1977). Pursuant to the preface of the Superior Court Rules, the trial court acted within its scope of discretion in enforcing the default rule, and, for that reason, we affirm its decision. *See id.* at 275, 372 A.2d at 285.

The plaintiffs next allege that the trial court erred in granting the defendant's motion to dismiss the equity petition for failure to state a cause of action. We agree. Neither party has argued that the removal of the default on the equity petition was improper, and, therefore, we will not address that issue. Rather, we will confine our discussion to the propriety of the granting of the motion to dismiss.

The plaintiff, Arthur N. Economou, is president of the plaintiff American Board of Trade, Inc., which is an organization operating an exchange and market place for transactions in commodity options, cash commodities, and foreign currency. The defendant, Dun & Bradstreet, Inc., is a well-known publisher of reports which deal with the financial and business aspects of various corporations, and which are widely circulated and read within the business community of the United States.

■ In their petition in equity, the plaintiffs alleged that the defendant was continuing to publish inaccurate and misleading statements about them and had refused to accept accurate information sent to it by the plaintiffs. The petition sought injunctive and monetary relief. Viewing the petition in the light most favorable to the plaintiffs, we conclude that the plaintiffs have sufficiently alleged the elements of defamation and, therefore, have

stated a cause of action. *See Sands v. Stevens,* 121 N.H. 1008, 1011, 437 A.2d 297, 300 (1981); *Lawton v. Great Southwest Fire Ins. Co.,* 118 N.H. 607, 610, 392 A.2d 576, 578 (1978).

Additionally, the plaintiffs have alleged sufficient facts to invoke the equitable jurisdiction of the superior court. The petition in equity does not preclude a finding that the plaintiffs have an inadequate remedy at law and that there is a danger of irreparable harm in the absence of equitable relief. *See Sands v. Stevens,* 121 N.H. at 1011, 437 A.2d at 299–300; *cf. Exeter Realty Co. v. Buck,* 104 N.H. 199, 201, 182 A.2d 469, 470–71 (1962). Whether the plaintiffs can successfully prove their cause of action or the need for equitable relief is not for us to decide. *See Vigitron, Inc. v. Ferguson,* 120 N.H. 626, 632, 419 A.2d 1115, 1119 (1980). We conclude that the plaintiffs have alleged sufficient facts to justify a hearing on the merits.

> *Affirmed in part; reversed in part; remanded.*

All concurred.