# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0077, <u>K.B. v. J.B.</u>, the court on July 23, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, J.B., appeals an order of the Superior Court (<u>Smith</u>, J.) granting the plaintiff's, K.B., request for a civil injunction.[1] We affirm.

I.      <u>Background</u>

The following facts were found by the trial court or are supported by the record. The plaintiff has been the librarian at a town library since 2017. The defendant, the former librarian, resigned from that position in 2017. In 2021, the defendant was elected a member of the library's board of trustees (the board). The board is the plaintiff's employer and supervisor.

At a board meeting in August or September 2022, the defendant presented a letter she had written that was addressed to the town's Board of Selectmen and the Attorney General's Charitable Trusts Unit. The letter criticized the board's work and the plaintiff's work performance. Upset by the letter and the defendant's presentation, the plaintiff went to her office and cried. When the meeting concluded, the defendant went to the window of the plaintiff's office and made faces at the plaintiff. The defendant laughed while the plaintiff continued to cry. On other occasions the defendant berated and harassed the plaintiff. The defendant's conduct caused the plaintiff to suffer adverse health impacts.

On October 3, 2022, the plaintiff filed a complaint in the trial court for a restraining order in which she requested, among other things, that the court "[r]estrain the defendant from threatening, harassing or intimidating [her], or interfering with [her] liberty." On October 17, the court held an evidentiary hearing on the merits.

---

[1] Federal law prohibits a state from making "available publicly on the Internet any information regarding . . . the issuance of a protection order . . . if such publication would be likely to publicly reveal the identity or location of the party protected under such order." 18 U.S.C. §2265(d)(3) (Supp. 2022). The term "protection order" is defined to include "any injunction . . . issued by a civil or criminal court for the purpose of preventing . . . harassment against another person." 18 U.S.C. §2266(5) (2016). Accordingly, we identify the parties by their initials to protect the identity of the plaintiff.

Following the hearing, the trial court issued a narrative order granting the plaintiff a civil injunction. The court ruled that to the extent the defendant's actions fall within the statutory powers and duties of a library trustee, those actions are not subject to the injunction. However, with respect to conduct not associated with the defendant's position as a library trustee, the court ordered that the defendant shall not:

1. Harass, threaten, intimidate or interfere with the liberty of the Plaintiff;

2. Contact or attempt to contact the Plaintiff whether in person, or through third persons, including but not limited to contact by telephone, letters, fax, texting, social media, e-mail, the sending or delivery of gifts or any other method, except as necessary pursuant to her obligations as a library Trustee, unless specifically authorized by the Court;

3. Appear within 100 feet of the Plaintiff's residence, place of employment or at any other place the plaintiff may be except as necessary pursuant to her obligations as a library Trustee, unless specifically authorized by the Court.

The defendant filed a motion to reconsider, which the trial court denied. This appeal followed.

II.   Analysis

On appeal, the defendant argues that the trial court erred: (1) because there was insufficient evidence of conduct unrelated to the defendant's role as a library trustee to warrant the issuance of a civil injunction; (2) by finding that the plaintiff did not have an adequate and complete remedy at law; (3) in failing to address the defendant's argument that the conduct at issue was constitutionally protected speech; and (4) by issuing a civil injunction which acts as an unconstitutional prior restraint that restricts the defendant's speech and limits her ability to perform her statutory obligations as an elected official.

The issuance of injunctions has long been considered an extraordinary remedy, and a court has power to issue equitable relief in the form of an injunction when the plaintiff does not have "a plain, adequate and complete remedy at law." RSA 498:1 (2010); see N.H. Dep't of Envtl. Servs. v. Mottolo, 155 N.H. 57, 63 (2007). An injunction should not issue unless there is an immediate danger of irreparable harm to the party seeking injunctive relief. Mottolo, 155 N.H. at 63. We will uphold the trial court's factual findings unless the evidence does not support them or they are erroneous as a matter of law. Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 66 (2012). It is within the trial court's sound discretion to grant an injunction after consideration of the facts and established principles of equity, and we will uphold the issuance

of an injunction absent an error of law, an unsustainable exercise of discretion, or clearly erroneous findings of fact.  Id.

We first address the defendant's argument that there was insufficient evidence to warrant the issuance of the injunction.  The defendant argues the trial court made an erroneous finding of fact when it found that some of the defendant's behavior directed at the plaintiff was not related to the defendant's role as a trustee.  The defendant argues "all the conduct at issue was related to or had some nexus to the [defendant's] role as a Trustee" and, therefore, the court's decision to grant an injunction should be vacated.  We disagree.  The trial court found, and the record supports, that the defendant, on occasions outside of board meetings, "berated and harassed" the plaintiff, causing the plaintiff to suffer "adverse health impacts."  This evidence is sufficient to support the trial court's issuance of the injunction.

We next address the defendant's argument that it was unreasonable for the trial court to conclude that the plaintiff did not have an adequate remedy at law for all of the conduct, when the conduct between the parties occurred during public meetings or immediately after a public meeting on library property.  The trial court order states that, "with respect to the Defendant's conduct which is not, or [is] only tangentially, related to the Defendant's role as a Board member, the Plaintiff's available remedies at law are neither 'adequate' nor 'complete'" and "[n]o action at criminal law is available to her to prevent the Defendant's conduct until that conduct meets the standard for stalking or assault, and the civil actions available to the Plaintiff do not reach this conduct."

The application of the general and familiar rule that equitable remedies will not be granted where there is an adequate remedy at law necessarily depends upon the factual circumstances in each case.  Exeter Realty Co. v. Buck, 104 N.H. 199, 200 (1962).  This state has long proceeded on the basis that the division line between equity and law is not precise and that trial courts have considerable discretion in determining whether equity should intervene to aid litigants in the protection of their legal rights.  Id.  There is no rule, except the rule of reason, which can be applied to determine when an action at law is or is not an adequate remedy.  Tapley v. Crothers, 103 N.H. 46, 48 (1960).  Each case depends on its own facts.  Id.  When determining whether to grant equitable relief, the superior court should not limit its inquiry solely to the question of the adequacy of the remedy at law; it should also consider whether the remedy at law is plain and complete.  See Sands v. Stevens, 121 N.H. 1008, 1011 (1981).

We conclude that the plaintiff had no "plain, adequate and complete remedy at law."  RSA 498:1.  We conclude that there are no plausible civil actions available to the plaintiff in these circumstances to prevent the defendant's harassing behavior.  As to the defendant's conduct outside her role

as trustee, the trial court properly exercised its "considerable discretion" in determining that "equity should intervene to aid" the plaintiff in this case. <u>Buck</u>, 104 N.H. at 200.

Finally, we turn to the defendant's constitutional arguments. As the appealing party, the defendant has the burden of demonstrating reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error based upon the defendant's constitutional arguments. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**